[No. 2,566.]

## JOHN McCULLOUGH *v.* J. B. CLARK.

VERIFICATION OF ANSWER.—If the plaintiff goes to trial on the merits, without objection to the verification of an answer, he will not be allowed to raise the point in the appellate Court that it was not properly verified.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—Proceedings supplementary to execution, by which a judgment debtor is required to appear before a Court or referee to answer concerning his property, are but a substitute for a creditor's bill at common law, and are purely judicial; and each party may call and examine witnesses.

ORDER ON PROCEEDINGS SUPPLEMENTARY TO EXECUTION AN ESTOPPEL.—If a judgment debtor is examined concerning his property before a Court or referee, on proceedings supplementary to execution, the order made by the tribunal before which the examination takes place, concerning the subject matter, is binding, and estops the parties from again litigating the same matter in another form of action.

IDEM—SUCH ESTOPPEL PROTECTS THE SHERIFF.—If a Court or referee, on proceedings supplementary to execution, orders property of the judgment

. debtor to be delivered up to the Sheriff to be sold on the execution, the judgment creditor is estopped by the order from maintaining an action against the Sheriff for selling the property.

Idem—Appeal from such Order.—If a party, in proceedings supplementary to execution, is dissatisfied with an order made by the Court or referee, his only remedy is by appeal.

Appeal.—An appeal may be taken from an order made by a Court or referee on proceedings supplementary to execution.

Specification of Error in Statement.—When a motion is made for a new trial on the ground that the evidence is insufficient to justify the verdict, a specification of such insufficiency of the evidence is good if it direct the attention of the adverse party to the particular point on which it is claimed the evidence is insufficient.

Appeal from the District Court of the Tenth Judicial District, Sutter County.

March 20th, 1868, Alfred Briggs recovered a judgment in the District Court of the Sixth District, Sacramento County, for three thousand six hundred and twenty-eight dollars and twelve cents. On the 15th of May, 1868, the Judge of said Court made an order for said McCullough and Knobland to appear before a referee to answer concerning their property. The Sheriff, the defendant here, advertised the policy for sale, and this action was commenced to obtain judgment for a return of the policy, or, if return could not be had, for its value. The defendant, in his answer, set up the proceedings supplementary to execution as a bar to the action, and on the trial they were introduced as testimony. The Court below gave judgment for the plaintiff. The defendant moved for a new trial, and in his statement inserted all the said proceedings. His specification of grounds on which he would rely for a new trial, so far as the insufficiency of the evidence was concerned, was as follows:

Because the evidence of plaintiff and defendant showed that there had been no wrongful seizure or detention of the policy by defendant; that the policy in question had been delivered by plaintiff to the defendant pursuant to a judg-

ment of the Sixth Judicial District Court, which judgment was afterwards affirmed by the Supreme Court. Because the documentary evidence in this case established defendant's plea in bar, and showed that, first, the referee, second, the District Court of the Sixth Judicial District, and, third, the Supreme Court, had each determined the policy in question not to be exempt from execution under the law of March 28th, 1868, entitled "An Act to exempt certain property named therein from execution," or any other law.

The Court below denied a new trial, and the defendant appealed.

The other facts are stated in the opinion of the Court, and in 36 Cal., referred to in the opinion.

*George Cadwalader* and *J. G. Eastman*, for Appellant.

Defendant's plea in bar was fully sustained by the evidence, and should have been allowed. (*Ex Parte McCullough*, 35 Cal. 97; *McCullough* v. *Briggs*, 36 Cal. 542.) This last case was a judgment upon the merits, and a final determination that the policy was not exempt from execution. The judgment of the Court below entirely ignores that section of our Practice Act providing for proceedings "supplementary to execution." According to its theory, our proceedings before the referee, District Court, and this tribunal were judicial farces. Besides *Ex Parte McCullough* and *Briggs* v. *McCullough*, there was for the information of the Court below the case of *Adams* v. *Hackett*, 7 Cal. 201, declaring:

" In reference to the chapter prescribing the mode of proceedings supplementary to execution, it seems clear that those proceedings were intended as a substitute for what was called a creditor's bill. This is so stated by the Practice Commissioners, in their original note to this chapter in the New York Code. The design was, in the language of

those Commissioners, to furnish a cheap and easier method. The different sections of the statute, when taken together, form a connected and harmonious whole, and when fairly and literally carried out, afford a cheaper and easier method than the former one by creditor's bill.  *   *   *   It would seem clear that so soon as the proceedings supplementary to execution were instituted before the District Court, that Court obtained jurisdiction over the case, and had authority to proceed and apply the property of the judgment debtors to the satisfaction of the judgments of the present defendants."

*Borland* v. *Thornton*, 12 Cal. 440, gives the same effect to the order of a referee as if made by a Court; and *Ex Parte Rowe*, 7 Cal. 175, and *Ware* v. *Robinson*, 9 Cal. 111, establishes the right to a civil appeal from a contempt order.  Both the orders were after final judgment, and the last affirmed the former—in fact, embodied it.  Both were appealed from, and affirmed on the merits of the controversy.

*S. J. Stabler* and *Van Clief & McCann*, for Respondent.

The alleged former adjudications are not such as to estop the plaintiff from showing, in this action, that his policy of insurance was exempt from execution, for the following reasons:

The proceeding, supplementary to execution, had before the referee, was not an action or proceeding in which the orders or decisions may be regarded as *res adjudicata*. (*Boggs* v. *Clark*, 37 Cal. 237; *Simpson* v. *Hart*, 14 Johns. 73; *Van Renssclaer* v. *Sheriff of Albany*, 1 Cow. 512.)  The question as to which plaintiff is alleged to be concluded arose and was decided, if at all, collaterally to the main issues in the former proceedings, and, therefore, the decision of it is not conclusive.  (*Hanlow* v. *Fulton*, 20 Cal. 450; *Caperton* v. *Schmidt*, 26 Cal. 450; *Garwood* v. *Garwood*, 29 Cal. 521; 4 Conn. 276; 15 Cal. 145, 182.)

By the Court, Crockett, J.:

If the answer of the defendant was not properly verified, the plaintiff should have moved in the Court below, either to strike out the answer, or for judgment as for want of an answer. But after going to trial on the merits without objection to the verification, he will not be allowed to raise the point, for the first time, in this Court. He must be held to have waived all objection to the verification by his failure to except to it at the proper time. The principal question in the case is whether or not the adjudication of the District Court in the proceeding supplementary to execution, and of this Court on appeal from the order of the District Court, are *res adjudicata* in such form as to estop the plaintiff from maintaining this action. Under our code, proceedings supplementary to execution, by which a judgment debtor is required to appear before the Court or a referee to answer concerning his property, are but a substitute for a creditor's bill at common law. It is only a summary method of purging the debtor's conscience and compelling the disclosure of any property he may have which is subject to the execution. The proceeding was intended to be summary and effectual, and affords the widest scope for inquiry concerning the property and business affairs of the judgment debtor. It is true there are no formal issues framed; for in the very nature of the proceeding it would generally be impossible to frame specific issues in advance of the examination of the judgment debtor. The very object of the proceeding is to compel him to give information concerning his property; and until the disclosure is made there is nothing upon which an issue could be framed. Nevertheless, witnesses may be called and examined on either side; and after hearing the case the Court or referee is to decide what property, if any, the judgment debtor has which is subject to be applied to the satisfaction of the judgment, and to direct its application

accordingly.  The proceeding is purely judicial, involving an examination into the facts upon sworn testimony, and the decision of questions of law arising on the facts proved.  The judgment creditor and debtor are parties to the proceeding, and each is at liberty to call and examine witnesses in respect to any contested fact which may be brought in issue in the course of the proceeding.  If the parties to such a proceeding, as between themselves and privies, are not estopped from again litigating the same matters in another form of action, the whole proceeding would be but a judicial farce, accomplishing no useful end.  But it is too plain for argument that, after the Court or referee has finally decided that a specific parcel of property should be applied to the satisfaction of the judgment, the only remedy which the law affords to the judgment debtor is an appeal to this Court from the order of the District Court.

If he claims that the property was exempt from execution, and that the Court erred in ordering it to be applied to the satisfaction of the judgment, he has a plain and adequate remedy by appeal to this Court; but cannot again litigate the same matters in an independent action, as the plaintiff has attempted to do in this case.  Before the referee and the District Court he distinctly made the point that the policy of insurance was exempt from execution and was not liable to be applied toward the satisfaction of the judgment.  The referee decided against him and ordered him to deliver the policy to the Sheriff, who then had the execution, in order that he might apply the policy toward satisfying the judgment.  Refusing to obey the order, the Court ordered him to comply with it, on pain of being committed for a contempt.  Still refusing, and after being committed to prison, he sued out a writ of habeas corpus, on the ground that the policy was exempt from execution and that he was illegally committed for refusing to deliver it.  On the hearing the writ was dismissed, and thereupon the plaintiff delivered the

policy to the Sheriff as he had been ordered to do, but prosecuted an appeal to this Court from the order of the District Court. On the hearing of the appeal, the plaintiff insisted in this Court that the policy was exempt from execution; but on the facts, as presented on the appeal, we held otherwise, and that the referee and the District Court properly ordered it to be applied towards the satisfaction of the judgment. (36 Cal. 542.) After an adjudication by the referee, the District Court and this Court upon the precise point, that this particular policy was not exempt from execution and ought to be applied towards the satisfaction of Briggs' judgment, it is quite evident, that as between Briggs and himself, the plaintiff is estopped from again litigating the same question. And as between them the estoppel was mutual. If the Court had decided in that proceeding that the policy was exempt from execution, Briggs would have been concluded by the judgment, in like manner, and for the same reason, that the plaintiff is now concluded by it. Nor can the plaintiff assert any rights as against the Sheriff, the defendant in this action, to whom he delivered the policy, other than those he could have asserted against Briggs. The plaintiff being estopped to deny that the policy was properly ordered to be applied towards the satisfaction of the judgment, and the Sheriff having received it and now holding it, in obedience to that order, which has been affirmed by this Court, it is clear that the Sheriff, in seeking to apply the policy toward the payment of the judgment, is only performing a duty enjoined upon him by law, and, therefore, cannot be treated as a wrongdoer.

I think the defendant's specifications in his statement, of the particulars wherein the evidence was insufficient to justify the judgment or decision of the Court, were sufficiently specific. The only object of the specification required by the statute is, clearly, to direct the attention of the adverse party to the particular point on which the evi-

dence is claimed to be insufficient; and the specifications in this case were sufficient for that purpose.

Judgment reversed and cause remanded for a new trial.