[No. 13547.   Department Two. — March 23, 1892.]

| 93 | 647 |
|---|---|
| 119 | 441 |
| 93 | 647 |
| d128 | 168 |

JOHN BRONZAN, RESPONDENT, v. MATTEO DRO-
BAZ, APPELLANT.

GARNISHMENT — PROCEEDINGS SUPPLEMENTARY TO EXECUTION — JUDGMENT AGAINST GARNISHEE — ACTION — PLEADING. — In an action upon a judgment rendered against a garnishee upon proceedings supplementary to execution against a judgment debtor, it is sufficient to aver in the complaint that the judgment sued upon was duly given and made, and that no part of it has been paid, and it need not aver that no appeal was taken from the judgment, nor that plaintiff was authorized by an order of court to institute the action.

ID. — ORDER IN SUPPLEMENTARY PROCEEDINGS — JUDGMENT — JURISDICTION — COLLATERAL ATTACK. — The superior court has jurisdiction to make an order on proceedings supplementary to execution against a judgment debtor, that a garnishee found to be indebted to the judgment debtor do pay to the plaintiff the amount of such indebtedness, and such order is, in effect, a judgment on which execution may issue, and which may be appealed from, and which cannot be assailed collaterally.

ID. — SERVICE OF PROCESS UPON GARNISHEE — JURISDICTION OF PERSON — EXAMINATION OF GARNISHEE. — A garnishee, being no party to the original action against the judgment debtor, need not be served with process therein; but it is sufficient, to give the court jurisdiction of his person, that copies of the order and affidavit upon which it was based, requiring the garnishee to appear for examination, were duly served upon him, and that he appeared and was examined in obedience thereto.

ID. — COSTS — REPORT OF REFEREE — ORDER OF CONFIRMATION. — Where costs of the supplementary proceedings were allowed against the garnishee in the referee's report, but were not allowed by the court in its order of confirmation, they cannot be recovered in an action upon the judgment rendered in the supplementary proceedings, requiring the garnishee to pay to the judgment creditor the amount of his indebtedness to the judgment debtor.

NONSUIT — SPECIFICATION OF GROUNDS — REVIEW UPON APPEAL. — The only ground upon which a motion for nonsuit can be reviewed upon appeal is that specifically stated when the motion was made.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*J. D. Sullivan,* and *Herbert Choynski,* for Appellant.

*A. F. Morrison,* and *O'Brien & Daingerfield,* for Respondent.

Belcher, C. — On the twenty-seventh day of October, 1887, the plaintiff herein recovered a judgment in the superior court of the city and county of San Francisco against the Gold Lead Gold and Silver Mining Company, a corporation, for the sum of $1,271.95, and $18 costs of suit. On this judgment an execution was issued and returned unsatisfied. The return states that the execution was duly levied upon " all moneys, goods, credits, effects, debts due or owing, or any other personal property in possession or under control of Matteo Drobaz, belonging to the defendant named in said writ." Thereafter, under and in pursuance of the provisions of section 717 of the Code of Civil Procedure, an order was made by the judge of the court, requiring Drobaz to appear, at a specified time and place, before a referee appointed for the purpose, to answer concerning the property in his possession belonging to the defendant. At the time and place named, Drobaz appeared, with his attorney, before the referee and was examined. As the result of the examination the referee found and reported to the court that Drobaz had in his possession $217.26, which he admitted was the property of the defendant corporation, and also that he had in his possession $128 and $55, moneys of the corporation, which he claimed had been paid out and expended for the corporation, but that this claim was sham, and not made in good faith. Wherefore it was ordered that Drobaz apply $400.26 — the aggregate of the said sums — towards the satisfaction of the plaintiff's judgment in the action.

Subsequently an order was made by the court, requiring Drobaz to appear at its court-room, at a time named, " to show cause, if any he have, why said report and order should not be confirmed and approved by the court,

and also why he should not pay plaintiff's costs, amounting to $58.60, incurred in these proceedings."

At the time appointed, the parties appeared by their attorneys, and after argument and consideration, it was by the court, on March 9, 1888, " ordered and adjudged that said report and order of said referee, as filed in this court on the twenty-fourth day of January, 1888, be and the same are hereby confirmed and approved in all respects, and that the said Matteo Drobaz do pay to the said plaintiff the sum of $400.26, to be applied towards the satisfaction of plaintiff's judgment herein, as ordered by said referee. It is also ordered that the application of plaintiff as regards the payment of said costs by said defendant be denied."

On June 7, 1888, the plaintiff commenced this action, and in his complaint averred that, by the proceedings supplementary to the execution in the action before mentioned, "a judgment was duly given and made in favor of plaintiff and against said Matteo Drobaz, defendant herein, for four hundred ($400) dollars principal, and fifty-eight and fifty hundreths ($58.50) dollars costs, and that no part of said judgment has ever been paid." Wherefore he prayed judgment against the defendant Drobaz for $458.50, with interest and costs.

The defendant interposed a general demurrer to the complaint, which was overruled, and then answered by a general denial.

At the trial, the plaintiff was permitted, against the objections of defendant, to introduce in evidence the judgment roll in his action against the Gold Lead Gold and Silver Mining Company, the execution issued on the judgment and the sheriff's return thereon, and all the proceedings supplementary to the execution. And when the plaintiff rested, the defendant moved for a nonsuit, on the ground that " upon the face of the judgment roll offered in evidence, it appears that the court had no jurisdiction to make any order, and in particular, that Drobaz was not indebted to the corporation in the sum of $400.26." The motion was denied, and an exception reserved.

The defendant was then called as a witness in his own behalf, and was asked by his counsel: " Now, at the time that you were examined as a garnishee, as a man that owed some money, or was said to owe some money, to this Gold Lead mining company, did you owe the company anything, Mr. Drobaz? " And also: " Did you ever get a summons and complaint, or any papers, in the other case?" Both questions were objected to as irrelevant and immaterial, and the objections were sustained and exceptions taken.

The case was then submitted, and the court made its findings and entered judgment in favor of the plaintiff for the amount claimed. From this judgment, and an order denying him a new trial, the defendant appeals.

1. Appellant contends that the complaint did not state facts sufficient to constitute a cause of action, and that the court therefore erred in overruling his demurrer. We think the complaint sufficient and the ruling proper. The complaint stated that the judgment sued upon was " duly given and made," and that no part of it had been paid. It was not necessary to state that no appeal had been taken from the judgment, nor that the plaintiff was authorized by an order of court to institute the action.

2. Appellant also contends that his motion for nonsuit should have been granted, because the proofs introduced were wholly insufficient to authorize a decision in favor of the plaintiff. The only ground on which this ruling can be reviewed is that specifically stated when the motion was made. Other grounds cannot now be considered. (*Raimond* v. *Eldridge*, 43 Cal. 508; *Coffey* v. *Greenfield*, 62 Cal. 608; *Loring* v. *Stuart*, 79 Cal. 201; *Miller* v. *Luco*, 80 Cal. 261.)

We do not think it appears on the face of the judgment roll offered in evidence that the court had no jurisdiction to make any order, nor that Drobaz was not indebted to the corporation in the sum of $400.26. The referee found that Drobaz was indebted to the corporation in the sum named, and the court approved and con-

firmed the report, and adjudged that the money be paid over to the plaintiff. Surely the court had jurisdiction to make the order, and the most that can be said of its action is that it was erroneous. The order was the final determination of the rights of the parties in the proceeding, and it, in effect, constituted a judgment (Code Civ. Proc., sec. 577), on which an execution might have been issued (Code Civ. Proc., sec. 1008), and from which an appeal might have been taken. (Code Civ. Proc., sec. 963.)

3. It is further contended that the evidence was insufficient to justify the findings, and that a new trial should have been granted for that reason. The specifications as to the insufficiency of the evidence are as follows: "1. The evidence shows that the court had no jurisdiction of the person of the defendant Drobaz in the action of *Bronzan* v. *Gold Lead Gold and Silver Mining Company*, and proceedings thereto supplementary to execution; 2. There is no evidence to show that Drobaz was indebted to said corporation in the sum of $400.26, or any sum whatever; 3. There is no evidence to show that Drobaz was ever served with any process whatever to give the court jurisdiction in the case of *Bronzan* v. *Gold Lead Gold and Silver Mining Company.*"

The appellant was not a party to the original action against the mining company, and it was not necessary that any process issued therein be served on him. It was shown, however, that copies of the order and of the affidavit on which it was based, requiring appellant to appear for examination before the referee, were duly served upon him, and that in obedience thereto he did appear and was examined. This was certainly sufficient to show that the court had jurisdiction of his person in the supplementary proceedings.

There was also evidence to show that appellant was indebted to the corporation in the sum of $400.26; for, as we have seen, the report of the referee and the confirmation thereof by the court amounted to a final determination that such indebtedness existed, and, in effect, constituted

a judgment which cannot be assailed here collaterally. The finding, however, of the court below was, that the referee " made and filed his report on said order of examination, and regularly ordered defendant to apply to the satisfaction of the aforesaid judgment against said corporation the sum of $458.50, which sum was found by said referee to be owing from said defendant to said corporation, and that " said report was regularly confirmed in all respects by an order duly given and made by this court in said action." This finding as to the $58.50, which was claimed as costs, was evidently not justified by the evidence, for the reason that the plaintiff's application to be allowed that sum for costs incurred in the proceedings was denied by the court in its order of confirmation.

It is objected for respondent that the specification is not sufficient to raise this point, but we think it is.

4. The point is made, that the plaintiff's evidence was all irrelevant and immaterial, and that the court erred in admitting it. We see no error in the rulings complained of.

It is further suggested that the findings do not cover all the issues raised by the pleadings, but we think them sufficient in that respect.

It follows, in our opinion, that the judgment should be modified by striking therefrom the sum of $58.50, and as thus modified it should be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment will be modified as therein indicated, and as so modified will stand affirmed.

Hearing in Bank denied.