[S. F. No. 679.   Department Two.—December 28, 1897.]

EDWIN A. WELLS, Petitioner, v. E. S. TORRANCE, Judge of the Superior Court of the County of San Diego, Respondent.

JUSTICE'S COURT—PROCEEDINGS SUPPLEMENTARY TO EXECUTION—ORDER TO DEBTOR NOT APPEALABLE—JURISDICTION OF SUPERIOR COURT—PROHIBITION. An order made by a justice's court in proceedings supplementary to execution, requiring the judgment debtor to apply designated property to the satisfaction of the judgment, is not in the nature of a judgment, and is not appealable to the superior court; and the superior court and the judge thereof, having no jurisdiction of an appeal therefrom, will be restrained by writ of prohibition from this court from proceeding to try said appeal, and that court will be directed to dismiss the appeal.

PROHIBITION from the Supreme Court to the Superior Court of the County of San Diego. E. S. Torrance, Judge.

The facts are stated in the opinion.

George H. P. Shaw, for Petitioner.

C. H. Rippey, for Respondent.

HAYNES, C.—Petition for a writ of prohibition to restrain the respondent, as judge of the superior court, from proceeding to entertain an appeal from an order made in the justice's court under proceedings supplementary to execution. Wells, the petitioner, obtained a judgment against one Sidney Selover before a justice of the peace, execution was issued upon the judgment, and thereafter proceedings were duly taken for the examination of the judgment debtor under proceedings supplementary to execution, and an order was made therein against the defendant, requiring him to pay to the constable holding the execution the sum of forty-three dollars and fifty cents, that being one-half of the total sum of eighty-seven dollars, which last sum said justice found, as a matter of fact, was in the possession and under the control of said Selover at the time the order for his examination was served. Within thirty days after the making of said order Selover appealed therefrom to the superior court upon questions of both law and fact. Petitioner appeared specially in the superior court and moved to dismiss said appeal, on the ground that the superior court had no jurisdiction. Said motion was overruled by the court, and said appeal was set down for trial, and the petitioner asks that said superior court be prohibited from proceeding therein. The question involved is whether an appeal lies to the superior court from such an order.

Section 4 of article IV of the constitution fixes the appellate jurisdiction of the supreme court, but, by the following section, the appellate jurisdiction of the superior court is left wholly to the discretion of the legislature. No appellate jurisdiction is given to the superior courts by the constitution, but the legislature is permitted to give it such appellate jurisdiction as it may see proper.

Title 13 of the Code of Civil Procedure is devoted to appeals in civil actions. Chapter I of said title treats of appeals in general, chapter II of appeals to the supreme court, and chapter III of appeals to superior courts.

Section 936, the first section relating to appeals in general, provides: "A judgment or order, in a civil action, except when expressly made final by this code, may be reviewed as prescribed in this title, and not otherwise." The final section of this chapter, however (section 959), declares that "the provisions of this chapter do not apply to appeals to superior courts." Section 963, the first section of chapter II, entitled, "Of appeals to the supreme court," provides, among other things, for an appeal from any special order made after final judgment; but section 964 declares that the foregoing section does not apply in cases appealed from justices', police, or other inferior courts, except in certain specified cases, of which the case before us is not one.

Section 974, which is the first section of chapter III, entitled "Appeals to superior courts," is as follows: "Any party dissatisfied with a judgment rendered in a civil action in police or justice's court may appeal therefrom to the superior court of the county at any time within thirty days after the rendition of the judgment. The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party. The notice must state whether the appeal is taken from the whole or a part of the judgment, and, if from a part, what part, and whether the appeal is taken on questions of law or fact, or both."

This section is the only provision authorizing an appeal to the superior court from a justice's court.

The only point necessary to be determined is, whether the order made by the justice of the peace, under proceedings supplementary to execution, constitutes a judgment within the meaning of section 974 of the Code of Civil Procedure, above quoted. Section 715 of the Code of Civil Procedure, under which the proceedings were taken before the justice, provides that the judge may, by an order, require the judgment debtor to appear at a specified time and place to answer concerning his property, and section 719 of the same code provides as follows: "The judge or referee may order any property of a judgment debtor, not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment.

These proceedings can only be taken after a judgment is rendered and an execution issued thereon.

Section 1003 of the Code of Civil Procedure defines an order as follows: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion."

Section 577 defines a judgment as follows: "A judgment is the final determination of the rights of the parties in an action or proceeding."

The distinction between an order and a final judgment is clearly stated in *Loring v. Illsley*, 1 Cal. 28, and that case is followed and approved in *McGuire v. Drew*, 83 Cal. 225, 232, and *In re Smith*, 98 Cal. 636.

It is contended on behalf of respondent that what we have denominated an order is nevertheless a judgment; "that section 974 of the Code of Civil Procedure, which provides for appeals to superior court from justices' and police courts, in using the language 'any party dissatisfied with a judgment rendered in a civil action . . . . may appeal therefrom to the superior court,' does not manifest any intention or purpose to select and designate the particular judgment from which an appeal may be taken, or to limit the meaning of the word 'judgment' so as to designate any particular action of a justice's court as constituting a judgment rendered within the meaning of the section." We think this construction cannot be sustained.

Section 936, of appeals in general, and which is expressly declared not to be applicable to appeals to superior courts, expressly provides for the review of "a judgment or order in a civil action," and section 963, providing for appeals to the supreme court, provides not only for an appeal from a final judgment, but from a large number of specifically designated orders, and generally "from any special order made after final judgment"; whilst section 974, providing for appeals to superior courts, wholly omits all references to orders made by justices of the peace, or judges of police courts, whether made before or after the judgment in the action. This omission of all mention of orders is not only signifi-. cant, but conclusively shows that the legislature did not intend to give an appeal from such orders. Besides, section 939 provides the time within which appeals may be taken from a judgment, and fixes a different time within which an appeal from an order shall be taken, whilst in appeals to the superior courts there are

no such provisions, the appeal being required to be taken from the judgment within thirty days.

The only provision made in the chapter relating to appeals to superior courts for a review of orders made in justices' or police courts is found in section 980, and is as follows: "Upon an appeal heard upon a statement of the case, the superior court may review all orders affecting the judgment appealed from, and may set aside, or confirm, or modify any or all of the proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial."

The appeal, as we have seen, must be taken within thirty days after the rendition of the judgment, and the statement of the case must be made within ten days from the rendition of the judgment; and it is only when so taken within the time limited, and upon a statement of the case, that the superior court may review orders affecting the judgment appealed from, and thus, having jurisdiction of the case, may confirm or modify any or all of the proceedings subsequent to and dependent upon such judgment.

In this case the judgment was rendered against Selover December 26, 1895, the execution was issued February 29, 1896, and the notice of appeal was given on the 21st of March, 1896. Not only was there no appeal from the judgment rendered against Selover, but this appeal was taken long after the time limited for appeals from judgments.

Respondent cites *Bronzan v. Drobaz*, 93 Cal. 647, to the proposition that the action of the justice in this case in requiring Selover to pay to the constable the money found to be in his hands is a judgment. That case was a proceeding against a garnishee and not against the judgment debtor. The plaintiff had obtained judgment against a mining company to whom Drobaz was claimed to be indebted, and the fact that he was so indebted was determined in supplementary proceedings against the corporation, in which Drobaz was required to appear and answer. As to him it was an original proceeding, and, as was there said, "in effect, constituted a judgment." The distinction between an order made against a garnishee and one made against the judgment debtor is obvious. As against the garnishee, the order finds that he is indebted to the judgment debtor of the plaintiff in the

action; whilst in the case before us the judgment determined the liability of the debtor and the right of the plaintiff, and the order simply required the debtor to apply certain property toward its satisfaction.

The legislature has ample power to provide for an appeal from such orders as may be made by a justice of the peace after final judgment, but it has not done so. That an order made by a superior court in aid of an execution issued upon a final judgment, requiring the judgment debtor to apply designated property to the satisfaction of the judgment, is an order, and not a judgment, is beyond question; and, if so, the same order or direction made by a justice of the peace, under the same statute, for the same purpose, and having the same effect, cannot be denominated a judgment. It follows that the superior court has no jurisdiction to review the proceedings and order of the justice upon appeal therefrom, and that a writ of prohibition should issue restraining the said court and the judge thereof from proceeding or trying said appeal and that said appeal be dismissed.

Searls, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion, and upon the petition filed herein, let a writ of prohibition issue restraining said court and the judge thereof from proceeding to hear, try, or determine said appeal, and directing the said court to dismiss the same.