[No. 20. First Appellate District.—June 2, 1905.]

SOCIETA DI MUTUO SOCORSO, Respondent, v. MAX MANTEL et al., Appellants; and F. FIGONE et al., Respondents.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—ORDER DIRECTING GAR-NISHEE TO PAY JUDGMENT-CREDITORS—RES ADJUDICATA.—An order in proceedings supplementary to execution directing a garnishee to apply a sum due to the judgment-debtor to be paid to the judgment-creditors is in effect a judgment which, if not appealed from, is *res adjudicata* and conclusive in any other action between the garnishee and the judgment-creditors.

ID.—ACTION BY GARNISHEE TO DETERMINE CONFLICTING CLAIMS—DE-FENSE.—In an action by the garnishee to determine conflicting claims between an assignee of the claim and the judgment-creditors, the pleading and proof by the judgment-creditors of the supplementary proceedings as an estoppel against the garnishee constitutes a complete defense against the right of the garnishee to withhold the money from them or to pay it to any other party.

ID.—JUDGMENT FOR ASSIGNEE—OMISSION TO FIND UPON MATERIAL ISSUES—DECISION AGAINST LAW—REVERSAL OF NEW TRIAL ORDER. —Where the answer also pleaded that the assignee had notice of the supplementary proceedings, and by failing to attend upon the same was estopped thereby, the failure to find upon the averments of the answer as to the supplementary proceedings in rendering judgment for the assignee and against the judgment-creditors was a decision against law, for which an order denying a new trial must be reversed.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

George E. Lawrence, for Appellants.

A. D. Splivalo, for George Figone, Respondent.

Devoto, Richardson & Long, for Plaintiff-Respondent.

HARRISON, P. J.—In the complaint herein the plaintiff alleges that in 1896 the appellants Mantel et al. recovered a judgment in the superior court of San Francisco against their co-defendant Figone for $2,230, upon which an execution was issued, by virtue of which the sheriff of San Francisco levied upon any moneys in their hands that might be owing from them to said Figone, and that the said execution was thereafter returned wholly unsatisfied; that in January, 1900, Figone recovered a judgment against the plaintiff in said superior court for the sum of sixty-three dollars; that the defendant Splivalo claims that the moneys so adjudged to be due from it to Figone were assigned to him prior to the entry of said judgment, and prior to the levy of the execution in favor of the appellants; and that since said assignment he has been the owner thereof, and claims that he is entitled to receive the amount of said judgment from the plaintiff; that it still has said money and is ready and willing to pay it to the one entitled thereto, but that by reason of the said conflicting claims it does not know to whom it should pay the same. It therefore asked that all of the defendants appear and set forth their respective rights to the said money, and that the court determine which party is entitled to the same.

The appellants answered the complaint, setting forth certain facts, showing the judgment in their favor against Figone, and that after the garnishment upon the plaintiff by virtue of said judgment they had instituted proceedings supplementary to the execution issued thereon, and that in such proceedings the superior court had determined that the plaintiff was indebted to Figone in the sum of sixty-three dollars, and had made an order that the plaintiff immediately pay said sum of money to these appellants, in partial satisfaction of their judgment against Figone; that said order had not been appealed from or set aside, but was in full force and effect, and had become final. That by reason thereof the plaintiff is estopped from denying its indebtedness to them in said sum of sixty-three dollars, and from alleging that there is any controversy as to whom it should pay the same. They also

allege that the defendant Splivalo has no right to or interest in said money; that he had knowledge and notice of said supplementary proceedings, and refused to attend or be present at the examination therein of the plaintiff, and that by reason thereof he is estopped from making any claim thereto, and from denying that they are entitled to receive the same. The defendant Splivalo, in his answer to the complaint, alleged that he was the holder and owner of the judgment in favor of Figone against the plaintiff by virtue of an assignment from Figone prior to its entry of the claim upon which it was rendered.

At the trial of the cause the court found that the appellants had obtained the said judgment against Figone, and that under an execution issued thereon a garnishment had been served upon the plaintiff covering all moneys due or owing from it to Figone; that prior to the date of said judgment Figone had assigned to the defendant Splivalo his claim against the plaintiff upon which an action was then pending, and that in January, 1900, judgment had been rendered thereon by the superior court in favor of Figone for the sum of sixty-three dollars.

Upon these findings of fact the court rendered judgment that the plaintiff pay to Splivalo the amount of the judgment against it, and that it recover its costs from the appellants.

The appellant moved for a new trial upon several grounds, and the said motion, taken upon a bill of exceptions, was denied. From this order the defendants Mantel have appealed—the principal grounds urged upon the appeal being that the decision was against law in that the court failed to make findings upon certain material issues of fact presented by their answer, especially that it made no finding of fact upon the issues presented by their allegations setting up the proceedings supplementary to execution upon their judgment against Figone.

At the trial these appellants offered in evidence the record of their supplementary proceedings, and an order of the court made therein directing the plaintiff to pay to them the said sum of sixty-three dollars, to be applied towards the satisfaction of their judgment against Figone; and that said payment should be and operate as a satisfaction of the judg-

ment recovered by Figone against it, which Splivalo claimed had been assigned to him. This evidence is not shown to have been qualified by any other evidence, and the appellants were entitled to a finding thereon if the facts thereby established were material to the issues before the court, and if the effect of such finding would be to invalidate the judgment rendered upon the other findings. (See *Winslow* v. *Gohransen*, 88 Cal. 450, [26 Pac. 504].)

The order of the superior court made in the supplementary proceedings, directing the payment by the plaintiff to these appellants of sixty-three dollars was "the final determination of the rights of the parties in the proceedings, and in effect constituted a judgment on which an execution might have been issued and from which an appeal might have been taken." (*Bronzan* v. *Drobaz,* 93 Cal. 647, [29 Pac. 254].) No appeal having been taken therefrom, and the time for such appeal having expired, the order had become final. It was therefore *res adjudicata* as between the plaintiff herein and the appellants, and estopped the plaintiff from disputing its liability to these appellants in any other action. (See *McCullough* v. *Clark,* 41 Cal. 298.) The averments in the answer of the appellants upon this point raised a material issue between them and the plaintiff, and, if found by the court to be established by evidence, would constitute a defense to any right of the plaintiff to withhold the money from them or to pay it to any other party; and they were entitled to a finding upon the truth of these averments. If such finding had been made in accordance with their claim it would have countervailed the other findings made by the court, and necessitated a judgment against the plaintiff and in their favor for the said sum of sixty-three dollars. The judgment rendered by the court without making any finding thereon was therefore a decision against law, for which appellants were entitled to a new trial.

The order appealed from is reversed, and the superior court is directed to grant a new trial.

Cooper, J., and Hall, J., concurred.