[Civ. No. 529.    First Appellate District.—September 22, 1908.]

JAMES A. McKENZIE, Respondent, v. J. B. HILL, Defendant; SAN FRANCISCO STOCK AND EXCHANGE BOARD and A. B. RUGGLES, Garnishees, Appellants.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—APPEAL BY GARNISHEES—SERVICE OF NOTICE—JUDGMENT DEBTOR.—When, in proceedings supplementary to execution, the judgment debtor was not a participant, but an order was entered against garnishees who appeal therefrom, the judgment debtor is not an adverse party required to be served with the notice of appeal.

ID.—NATURE OF PROCEEDINGS—INDEPENDENT ACTION—PARTIES—NOTICE OF APPEAL.—Proceedings supplementary to execution, though collateral to the original action, are yet independent of it, and embrace all the elements of an independent civil action, having its own record; and only parties thereto are required to be served with the notice of appeal.

ID.—NATURE OF ADVERSE PARTY.—The adverse party upon whom the notice of appeal is to be served is the party who appears by the record to be adverse, and the record to be considered for that purpose is the record of the proceedings in which the appeal is taken.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco, made in proceedings supplementary to execution. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Aitken & Aitken, for Appellants.

Edmund Tauszky, and W. P. Hubbard, for Respondent.

KERRIGAN, J.—Motion to dismiss appeal.

The appeal is from an order made in proceedings supplementary to execution, directing appellants, as garnishees, to apply $876 toward the satisfaction of a judgment recovered by plaintiff McKenzie against defendant Hill. The ground of the motion to dismiss is that no notice of such appeal was served upon the defendant Hill.

The undisputed facts in the case are as follows: On the seventeenth day of January, 1907, respondent McKenzie recovered judgment against defendant Hill for the sum of $3,805, and assigned the same to C. M. Craig. Craig prepared an affidavit as the basis for an order for the examination of appellants, the San Francisco Stock and Exchange Board and A. B. Ruggles, its president. Upon this affidavit the Hon. James M. Troutt, one of the judges of the superior court of the city and county of San Francisco, made an order, requiring the presence of said appellants before said judge to be examined concerning the possession of the sum of $876, money belonging to defendant Hill not exempt from execution, and which money was subject to be applied toward the satisfaction of said judgment. After the examination of the president of said stock and exchange board the court ordered the application of the said $876 toward the payment of said judgment. No notice of appeal was served upon defendant Hill.

Under these circumstances appellants contend that defendant Hill would be affected by a reversal of the order appealed from, and hence is an adverse party as contemplated by section 940, Code of Civil Procedure; and as no notice of appeal was served upon him the appeal should be dismissed.

It is not at all clear to us in what manner Hill could be injuriously affected by a reversal or modification of the judgment appealed from; but in any event we are convinced that he was not a party to the proceeding, and therefore was not entitled to notice. "The adverse party upon whom the notice of appeal is to be served is the party who appears by the record to be adverse, and the record to be considered for that purpose is the record of the proceedings in which the appeal is taken." *(In re Ryer,* 110 Cal. 569, [42 Pac. 1082].) An examination of the record here shows that in an action against Hill a judgment had been obtained, which is now final and in full force and effect, and upon which judgment an execution had been issued; that in proceedings supplementary to execution the garnishees were examined, and the order appealed from was made. In that proceeding Hill was not served, nor did he in any way participate therein. It thus appears, to reiterate, that Hill was not before the court, and was not a party to that proceeding. Proceedings supplementary to execution, while collateral to an original action, are still quite independent of it. Indeed, they embrace all the elements of an independent civil action. It has its own record, and only parties thereto need be served with notice of appeal. In *Wells* v. *Torrance,* 119 Cal. 441, [51 Pac. 626], these proceedings are called, so far as a garnishee is concerned, original proceedings. In *Coffee* v. *Haynes,* 124 Cal. 565, [71 Am. St. Rep. 99, 57 Pac. 482], they are said to be proceedings not against the judgment debtor, but against his creditor. They are a substitute for a creditors' bill. *(Adams* v. *Hackett,* 7 Cal. 201; *Pacific Bank* v. *Robinson,* 57 Cal. 522, [40 Am. Rep. 120]; *Herrlich* v. *Kauffman,* 99 Cal. 275, [37 Am. St. Rep. 50, 33 Pac. 857].) "This (proceeding supplementary to execution) cannot be regarded as a mere incident to the original action. . . . In this proceeding the merits of the original action are in no way involved. New issues are presented, new parties are brought in, and new rights are determined, the adjudication of which in no way alters the face of the original judgment." *(Harper* v. *Behagg,* 14 Ind. App. 428, [42 N. E. 1115].)

Our conclusion that Hill was not a party to the record, and consequently not entitled to notice of appeal, is supported by the cases in this state. In *Re Ryer,* 110 Cal. 560, [42 Pac. 1082], an heir interested in the estate of Ryer filed his peti-

tion for partial distribution. To this petition certain of the heirs and legatees of the deceased filed their answers. Others interested did not appear or object to the petition. On the issues framed the petition was denied; a motion for a new trial was refused, and from the order denying this motion an appeal was taken. A motion was made to dismiss the appeal, on the ground that the parties interested who did not appear at the hearing had not been served with notice of appeal. In denying the motion the court said: "Upon appeal from an order denying a new trial, the parties to the motion in the court below are the only proper parties to the appeal; and the appellant is not required to give notice of appeal to others than those to whom the original motion was directed. The 'adverse party' upon whom a notice of appeal is to be served is the party who appears by the record to be adverse; and the record which is to be considered for that purpose is the record of the proceedings in which the appeal is taken. The rule that the notice of appeal must be served upon all parties that would be affected by a reversal of the order and judgment appealed from is to be construed with the other rule that only the record can be examined for the purpose of determining who are such adverse parties. . . . The proceeding instituted in the superior court by the appellant herein is in the nature of a collateral inquiry, or episode, interjected into the proceedings for the administration of the estate, in which there are pleadings, process, trial, findings and a judgment, thus presenting all the elements of a civil action instituted in an independent suit for the purpose of determining the right of the appellant to a share of the estate, and, in matters of procedure upon appeal, should receive the same consideration as upon an appeal in a civil action."

In *Re Bullard,* 114 Cal. 462, [46 Pac. 297], the administrator of the estate rendered an account for settlement, and in connection therewith reported that he had allowed a claim in favor of the Hibernia Savings and Loan Society. One of the heirs of the decedent contested the allowance of this claim, and excepted to the account in this respect. From an order settling the account he appealed, and served notice thereof on the administrator alone, and not on the claimant, and for this failure a motion was made to dismiss the appeal. The Hibernia Savings and Loan Society did not in any way partic-

ipate in the proceeding, and yet, notwithstanding that it was vitally interested in the matter, the court held that it did not appear from the record that it was in any respect a party to the proceedings, and that it was unnecessary to serve it with notice of appeal.

A late case on the subject is *Estate of McDougald,* 143 Cal. 476, [77 Pac. 443], where the cases just referred to are quoted from with approval, and the matter is fully discussed.  There the administrator filed an account, to which a judgment creditor filed written objections.  Upon the issues thus presented the account was surcharged $5,500 and settled accordingly. In connection with the account the administratrix reported that she had allowed the claims of sixteen creditors.  In addition to the settlement of the account the court ordered that a dividend be declared upon the claims reported, and paid out of the funds adjudged to be in the hands of the administratrix.  From these orders the administratrix appealed, and served her notices of appeal on the contesting creditor, and on two others who appeared at the contest, but not upon any of the other creditors.  The contesting creditor moved to dismiss the appeals for failure to serve the notices on the persons who did not appear at the hearing.  There it was contended that the creditors who did not appear nor make any objection to the account were directly interested in the result of the appeal; that the dividend accruing to them under the order would be diminished if the appeal was successful, and therefore that they were adverse parties who must be served with notice of appeal to give the court jurisdiction.  In denying the motion the court said: That a person interested in an estate, although his name and his interest are disclosed on the face of the record, is not necessarily a party to the cause or proceeding is manifest from a consideration of the different cases where persons interested may or may not appear, at their option.  In a proceeding to probate a will, any person interested, whether as devisee, legatee or heir, may appear and contest the probate.  The petition for probate must show the names of the heirs and devisees, and hence their interest must always appear in the record.  Yet, it would not be contended that an heir, devisee or legatee who fails to appear at the time of the hearing of the petition is in any sense a party to such proceeding.  So with the petitioner for administration, there may be many persons who are entitled to letters and

who are interested in the matter of the appointment. But if they fail to appear or contest the right of the petitioner, it is manifest that they cannot be considered parties. Upon the settlement of an account, every creditor, heir, legatee, or devisee is a person interested, and as such has a right to enter an appearance and become a party. The names of these persons generally appear upon the face of the account or upon some of the documents referred to therein, but the giving of the notice and the statement of their rights or claims does not, *ipso facto,* make them parties to the proceeding. (See, also, *Niles* v. *Gonzales,* 152 Cal. 90, [92 Pac. 74]; *O'Rourke* v. *Finch* (Cal. App.), [96 Pac. 784].)

The motion is denied.

Cooper, P. J., and Hall, J., concurred.