CLEVERLY et al. v. DISTRICT COURT OF SECOND JUDICIAL DIST. IN AND FOR DAVIS COUNTY et al.

No. 5556.   Decided January 5, 1935.   (39 P. [2d] 748.)
Rehearing Denied, March 9, 1935.

*Preston Thatcher*, of Bountiful, and *J. T. Hammond, Jr.*, of Salt Lake City, for plaintiffs.

*H. S. Tanner*, of Salt Lake City, for defendants.

FOLLAND, Justice.

A writ of prohibition, with a writ of review in aid thereof, was issued out of this court directed to the district court of Davis county. It is alleged by plaintiffs in their petition for the writ that a certain order of the district court dated October 15, 1932, made after examination and in proceedings supplementary of execution, is illegal and void and in excess of jurisdiction for the following reasons: (1) That no motion or request was made to the court issuing the order; (2) that no findings of fact or conclusions of law were made or filed by the court to support the order; and (3) that the order violated the provisions of section 1, art. 22, of the Constitution of this state (homestead exemption). It is further asserted the order is void because directing the sale of certain property of plaintiffs claimed by them to be exempt from execution as their homestead, and that the judgment in the cause, in satisfaction of which the property was ordered sold, was barred by the discharge in bankruptcy of J. W. Cleverly, one of the plaintiffs, by the United States District Court. The record in the case of Zem Brown and Emma Brown, Plaintiffs, v. J. W. Cleverly and Minnie B. Cleverly, Defendants, consisting of the judgment roll and other papers attached, without any bill of exceptions, and including the affidavit and orders on supplementary proceedings, was transmitted to this court from the district court. The cause was submitted on petition of plaintiffs, the general demurrer of defendants to such petition, and the record transmitted from the district court.

The controversy between the parties, stripped of all procedural questions, is whether certain specified real property now claimed by plaintiffs as their homestead is subject to sale under execution in satisfaction of the judgment for

$2,488.60 rendered by the district court in favor of Zem Brown and Emma Brown and against J. W. Cleverly and Minnie B. Cleverly. The district court, after an examination of the Cleverlys on supplemental proceedings, made an order declaring the property involved not exempt from execution; that the judgment was for the purchase price of the property; that the plaintiffs were entitled to have execution issued and the property sold, and the proceeds of sale applied in satisfaction of the judgment. The court directed the sheriff of Davis county to proceed against the property and apply the proceeds received from sale thereof towards satisfaction of the judgment. This is the order now attacked by plaintiffs as void and made in excess of jurisdiction. Several of the questions discussed by counsel in their briefs are questions which we may not try in this proceeding, as they are for the district court to determine in a proper proceeding before it. *Hilton Bros. Motor Co.* v. *District Court*, 82 Utah 372, 25 P. (2d) 595.

The question before us is whether the court exceeded jurisdiction in making its order, without motion invoking action, and without stating or making findings of fact. A consideration of the nature and purpose of the statutory proceedings supplemental to execution is therefore pertinent. Before discussing that question, we shall outline the facts and occurrences involved as stated in the petition for the writ and as disclosed by the record certified to us by the district court.

It appears that on or about April 22, 1929, J. W. Cleverly and Minnie B. Cleverly, his wife, by written contract agreed to sell to Zem Brown and Emma Brown, his wife, the real estate involved in this controversy, together with certain live stock and implements on the place for the sum of $6,500, $1,500 of which was paid and the balance payable at the rate of $50 per month. The property consisted of five or six acres of improved land located in Davis county. The Browns went into possession, and at a later date leased the premises to a Mr. Waite, who remained on the place for several

months. The Cleverlys, claiming the Browns were in default under the terms of the contract, repossessed the premises early in 1931. Thereupon the Browns brought suit against the Cleverlys for rescission of the contract and return of the moneys paid thereunder as damages, alleging that they had not been in default, and that the repossession of the premises by the Cleverlys had been wrongful; that the Cleverlys had by "fraudulent inducement, collusion and notice persuaded and induced the said Fenton H. Waite, lessee, to vacate the said premises and property." In that action defendants filed an answer to which plaintiffs filed a reply. The cause was fully tried on the merits and decided in favor of the Browns and against the Cleverlys. Findings of fact, conclusions of law, and decree were signed and filed and judgment entered. By the decree, the contract of sale was canceled and held for naught, and plaintiffs were given judgment for $2,488.60 as prayed for in their complaint, together with attorney's fees and interest. Plaintiffs did not pray that an equitable lien be impressed on the property as for a purchase-money debt, and no such lien was provided for in the decree. *Larson* v. *Metcalf*, 201 Iowa 1208, 207 N. W. 382, 45 A. L. R. 352; *Nicolopoolos* v. *Hill*, 217 Ala. 589, 117 So. 185, 59 A. L. R. 189; *McBride* v. *Stewart*, 68 Utah 12, 249 P. 114, 48 A. L. R. 267. No appeal was taken, and the judgment became final. Execution was issued and returned unsatisfied. The plaintiffs thereupon obtained an order from the court requiring the defendants to appear and answer respecting their property. Defendants were examined on the 17th of September, 1932, and the matter taken under advisement by the court. On the 15th of October, 1932, the court made and entered an order wherein the real and personal property involved was held to be subject to the judgment, and the sheriff directed to sell the same on execution. Application was made in November of 1933 by the Cleverlys for modification of the order of October 15, 1932, which application was denied by the court as not having been made within time. A new

execution was then issued, and, while it was outstanding, on or about the 10th day of February, 1934, the Cleverlys filed a verified petition in the district court asking for an order requiring the plaintiffs to show cause why the court should not amend its order of October 15, 1932, in certain stated respects, and recall and quash the execution. In that petition it was alleged that J. W. Cleverly had been adjudged a bankrupt in the United States District Court on September 15, 1932, and that in such bankruptcy proceedings the judgment in favor of the Browns was discharged as to J. W. Cleverly and the real property herein involved set apart as Cleverly's homestead, and further that the defendants had selected the real property involved as their homestead, and on March 14, 1932, had filed for record in the office of the county recorder of Davis county their declaration of homestead describing the identical property involved in these proceedings. This petition was also denied by the district court. A petition was then filed in this court praying for a writ prohibiting the district court from enforcing its order of October 15, 1932.

It is alleged, and not denied, that no motion was made invoking the court to take any action upon the examination in supplemental proceedings and that no findings of fact or conclusions of law were made, signed, or filed, except such as may be contained in the order itself. The facts with respect to the claimed homestead exception, the setting apart of the homestead in the bankruptcy proceedings, and discharge of the judgment by the United States District Court, are not shown by the record, except as such facts are recited in the petition for modification of the order in the district court and the petition for prohibition filed in this court. The certifed copy of the discharge of the judgment in bankruptcy as to J. W. Cleverly is found among the papers in the district court record, but obviously this is no part of the judgment roll, and, since it is not preserved in a bill of exceptions, it is no part of the record before us. There is no bill of excep-

tions preserving any part of the testimony or evidence produced in the district court on supplemental proceedings, nor is there in the record any motion, pleadings or findings of fact to indicate what issues were joined or adjudicated, except such as may be found in the order itself. If the order is void on its face, it may be vacated and set aside at any time. *In re Goddard's Estate*, 73 Utah 298, 273 P. 961.

Statutory provisions providing for proceedings supplementary to execution are found in sections 104-38-1 to 104-38-10, Rev. St. 1933. Section 104-38-2 provides:

"After the issuing of an execution against property, and upon proof by affidavit of a party, or otherwise, to the satisfaction of the court or the judge thereof, that any judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such court or judge may, by an order, require the judgment debtor, and if a corporation, any officer thereof, to appear at a specified time and place before such judge, or a referee appointed by him, to answer concerning the same, and such proceedings may thereupon be had for the application of the property of the judgment debtor toward the satisfaction of the judgment as are provided upon the return of an execution. * * *"

In this case an affidavit was filed in which it was alleged on information and belief "that the said defendants are residents of Davis County and have property which they refuse to apply in satisfaction of said judgment," and demanding that J. W. Cleverly and Minnie B. Cleverly "be required to appear before this court to be examined under oath concerning the same." The affidavit did not point to the particular property which it was alleged the defendants refused to apply in satisfaction of the judgment, and in no other way alleged facts which would raise an issue as to that particular property.

Under these statutes, proceedings supplementary to execution are regarded as a substitute for the creditor's suit as known at common law, although not exclusive of that remedy. *Enright* v. *Grant*, 5 Utah 334, 15 P. 268. It is a

summary method of compelling the disclosure of any property a debtor may have which is subject to execution. The widest scope of inquiry concerning the property █ and business affairs of a judgment debtor is undoubtedly intended. The statute does not specifically require issues to be framed, because by the very nature of the proceeding this would be impracticable in most cases until by the examination property subject to execution has been disclosed. *McCullough* v. *Clark*, 41 Cal. 298; 23 C. J. 826. The statute does provide, however, that a judge may order any property of a judgment debtor not exempt from execution applied to the judgment. Section 104-38-5, R. S. 1933, is as follows:

"The judge or referee may order any property of the judgment debtor, not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment."

It was undoubtedly the intention and the purpose of the statute to give a full rounded jurisdiction, including proper procedure, to the court in order to determine, on disclosure by examination, what property of every kind is the property of the defendant which should be subjected to execution. The order referred to is a final order which is intended to determine all issues with respect to such prop- █ erty necessary to be determined in order that the property shall or shall not be subjected to the execution and applied in satisfaction of the judgment. Especially is this true where the parties before the court are the parties to the original action. Every species of property is included in the term "any property," so that the order may be made applicable to any species of property of a judgment debtor, including real property or an interest therein. *Florida Guaranteed Securities* v. *McAllister* (D. C.) 47 F. (2d) 762; *Smith* v. *Weed*, 75 Wash. 452, 134 P. 1070; *Pacific Bank* v. *Robinson*, 57 Cal. 520, 40 Am. Rep. 120.

The proceedings, though collateral to the original action, are yet independent of it, and are regarded as having the

elements of an independent civil action. The merits of the original action are not involved, since new and different issues of law and fact are to be determined. The proceedings should have its own record for purposes of appeal. *McKenzie* v. *Hill*, 9 Cal. App. 78, 98 P. 55. The order which a judge or court may make directing that the property of a judgment debtor be applied in satisfaction of a judgment is regarded as a final order and as res adjudicata as to all matters properly adjudicated thereby. *McCullough* v. *Clark*, supra; 3 Freeman on Executions 2269.

By section 104-38-6, where from the examination it appears that a person or corporation alleged to have property of a judgment debtor or to be indebted to him claims an interest in the property adverse to him or denies the debt, the court may authorize the judgment creditor to institute an action against such person or corporation for the recovery of the debt. This court has held, where an interest is claimed in the property by a party not a party to the record or proceedings, that the court in supplementary proceedings is without jurisdiction to determine the conflicting claims. *Wallace, Smuin & Co.* v. *McLaughlin*, 12 Utah 411, 43 P. 109, 111. The reasons given why a final judgment may not be rendered in such circumstances in these proceedings are as follows:

"How is it possible, in this summary way, without an opportunity to be heard, and in the absence of some of the parties, without issues, for the court or referee to determine the questions of fact which ought to be heard only in regular actions, and perhaps before a jury? It is clear from the record that 'persons and corporations claimed an interest in the property adverse to the judgment debtor.' That being true, the court had no authority to determine the conflicting claims. And the rule is not different where the property is in the hands of the judgment debtor. The purpose of the statute referred to is to aid the judgment creditor in discovering property or assets belonging to the judgment debtor, and to secure the application of the same to the satisfaction of his claim, without delay or an independent suit; and it would be a gross perversion of the statute to hold that in supplemental proceedings the court can exercise all

the powers of a court of equity, and pass upon questions of fact, the determination of which, under our system of jurisprudence, rests with a jury."

While these proceedings are not well adapted to litigate conflicting claims to property nor to determine disputed questions of fact, particularly where third parties claim an interest in the property, yet, where the parties before the court are the original parties to the action, and the only question is whether or not the property disclosed is subject to the judgment or is exempt from execution, it would seem that issue may well be determined by the court and an order made by it with respect to such property. Necessarily, however, where it is expected such an order shall possess the elements of finality and to stand as a bar to further adjudication of the issues therein determined, it would follow that findings of fact are necessary to support the order, and, in addition thereto, some pleading wherein the issues are defined. While the statute does not require all the formalities of a civil suit at law, yet, if the order is to be effective for the purposes indicated, common sense would require that it be supported by findings and something in the nature of pleadings. In the case before us, there are no claims of interest by third parties. The Cleverlys were both parties to the main action, and were both served with the affidavit, in response to which both appeared and were examined.

The statute points to the kind of order which may be made where a third party claims an interest in the property, so that the issues with respect thereto may be tried in an orderly manner, but it nowhere directly or indirectly indicates that the question of exemption, when raised, should be referred to another action or proceeding, but clearly implies that the court should determine the question of exemption before ordering property to be applied in satisfaction of the judgment. Under similar statutory provisions, the Supreme Court of California has held that the court may, in these summary proceedings, determine the question of

claimed exemption of the property and that its decision in respect to such issue is final, and that issue may not again be litigated in any other proceeding or action. The order made on supplemental proceedings is res adjudicata. *McCullough* v. *Clark*, supra. If this be the law, and we do not well see how it can be otherwise, it necessarily follows that there should be some sort of pleading, however informal, by which issues are joined and presented for determination. It may well be that, in a special proceeding of this kind, a motion would be sufficient to require defendants to set up their claims of homestead exemption, discharge in bankruptcy, or other defense, and the court could then proceed to determine whether the property was exempt from execution or was otherwise lawfully subject to be applied in satisfaction.

This court is committed to the doctrine that the essential facts must be found or otherwise stated in support of orders or judgments in special proceedings after decree or judgment, unless findings of fact are waived. *Hillyard* v. *District Court*, 68 Utah 220, 249 P. 806; *Ex parte Gerber* (Utah) 29 P. (2d) 932. The order made by the district court contains certain recitals in the nature of conclusions of law, but nowhere contains any findings or statements of fact such as are essential to support the order as an adjudication entitled to validity.

The alternative writ of prohibition heretofore issued is made permanent as to the enforcement of the order of October 15, 1932. Nothing herein is intended to prevent the district court, in proper proceedings, from determining the question of exemption and the effect of J. W. Cleverly's discharge in bankruptcy. Costs in this court to plaintiffs.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.