Mr. Justice SWAYNE
 

 delivered the opinion of the courts
 

 By the common law, the death of either party arrested all further proceedings in the case. If the death occurred before judgment, the suit abated. If there was but one defendant, and he died after judgment, no execution could issue unless it was tested before the death occurred. In such case it was necessary to revive the judgment by
 
 scire facias.
 
 The statute of Westminster 2d (13 Edward I) first gave a remedy against the lands of judgment debtors. The same rules applied to a writ of elegit sued out under that statute. If there was more than one defendant, apd one of them died, execution might issue against all, though it could be executed only as to the survivors. It was so issued, because it was necessary that it should conform to the record of the judgment.
 
 †
 

 ' The notice under the statute is cumulative. The plaintiff may give it, or resort to the common law remedy by
 
 scire facias.
 
 Executions in Illinois are required to bear test on the day they are issued.
 
 ‡
 
 When a defendant dies after judgment, and an execution is'subsequently issued without the notice required by the statute having been given, or the
 
 *318
 
 judgment revived by
 
 scire facias,,
 
 the execution is a nullity, and all proceedings under it are void.
 
 *
 

 The order of the court of Ogle County, that another execution should issue, does not in our judgment affect the case. Upon the death of Galbraith, the jurisdiction of the court as to him terminated. He was no longer before the court. When the order was made he had been dead more than four years. It does not appear that his legal representatives were present, or had any knowledge of the proceedings. The order was proper, and the execution was valid as to the surviving defendants. As to them, the process might 'have been executed. We cannot understand from the order, that the court intended to affect the estate of Galbraith, or those claiming under him. If such were the intention, the order having been made against parties not shown to have been actually or constructively before the court, was, so far as they are concerned, clearly void.
 

 The authorities which require the fact of competent jurisdiction to be presumed in certain eases have no application here. The statute is in contravention of the common law, and hence to be construed strictly. The notice is a substitute, and the only one permitted for the proceeding, otherwise indispensable, by
 
 scire facias.
 
 The provision is plain and imperative in its language, and it is the duty of a court called upon to administer it, not lightly to interpolate a qualification which the statute does not contain.
 

 The deed from Galbraith contains a special covenant against the “ claims of all persons, claiming, or to claim, by, through, or under him;” 'If the premises in controversy should be lost to the defendants, his estate would be liable m
 
 damages;
 
 and his legal representatives were entitled to all the time which the statute allowed them after notice, to show, if they could, that the collection of the judgment ought not to be enforced.
 

 It is contended that it was incumbent on the defendants
 
 *319
 
 to show that the proper notice had not been given.
 
 We
 
 cannot take that view of the subject. The judgment survived only for the preservation of its liens, and as the basis of future action. ' The statutory notice, or its alternative — a
 
 scire facias
 
 — was necessary to give it vitality for any other purpose. Upon the death of the defendant being shown, any execution issued upon it was, as to him,
 
 prima fdcie .
 
 void. This presumption could be overcome only by showing, either that no legal representative had been appointed, or that the notice required by the statute had been given. The plaintiff asserted a title, and it was for him to show everything necessary to maintain it. The rule on this subject is thus laid down by Chief Justice Marshall :
 
 *
 
 “ It is a general principle, that the party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends upon ah act
 
 in
 
 pais, the party claiming under that deed is as much bound to prove the performance of the act, as he would be bound to prove any matter of record on which its vitality might depend. It forms a part of his title : it is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve. These facts should be examined by him before he becomes a purchaser, and the evidence of them should be preserved as a necessary muniment of title.” ¥e understand the Supreme Court of Illinois to have ruled this point in the same way.
 
 †
 

 The instructions given in the Circuit Court were, in our opinion, correct, and the
 

 JUDGMENT IS AFFIRMED WITH COSTS.
 

 †
 

 Woodcock
 
 v.
 
 Bennet, 1 Cowen, 711; Stymets
 
 v.
 
 Brooks, 10 Wendell, 207; Erwin’s Lessee
 
 v.
 
 Dundas et al., 4 Howard, 77; Brown
 
 v.
 
 Parker, 15 Illinois, 307.
 

 ‡
 

 Brown
 
 v.
 
 Parker, 15 Illinois, 309
 

 *
 

 Picket
 
 v.
 
 Hartsock, 15 Illinois, 279; Brown
 
 v.
 
 Parker, Id. 307; Finch et al.
 
 v.
 
 Martin et al., 19 Id. 111.
 

 *
 

 “Williams
 
 v.
 
 Peyton, 4 Wheaton, 79; see, also, Thatcher
 
 v.
 
 Powell, 6 Id. 127.
 

 †
 

 Finch et al.
 
 v.
 
 Martin et al., 19 Illinois, 110.