## BRYANT v. BANK OF CALIFORNIA.

### No. 7701; May 22, 1885.

#### 7 Pac. 128.

**Supplemental Proceedings—Mode of Procedure.**—As proceedings supplementary to execution are purely statutory, the mode of procedure thereon provided for by statute must be followed; and a failure to comply with the statute will vitiate the proceedings.

**Supplemental Proceedings—Record as Evidence in.**—A judgment creditor, in a supplementary proceeding against a garnishee, brought in pursuance of an order made under the statute (Code Civ. Proc., sec. 720), must aver and prove the existence of the order and of the proceedings by which the order was founded. The record of such proceedings, to be admissible in such action, must be filed with the clerk of the court, and must come, either as an original or authenticated copy, from the hands of the officer in whose custody it is kept.[1]

APPEAL from the Superior Court of the City and County of San Francisco.

Wilson & Wilson for appellant; L. E. Bulkely for respondent.

McKEE, J.—On the 1st of May, 1877, the plaintiff, A. S. Bryant, recovered a money judgment, by confession, against J. M. Quimbie, upon which an execution was issued, and put in the hands of the sheriff of the city and county of San Francisco for collection, according to law. While the execution was in the hands of the officer, unlevied and unsatisfied, in whole or in part, Bryant claims to have commenced proceedings, supplementary to execution, for the examination of the judgment debtor as to his property, and against A. J. Ralston, William Sharon, Thomas Brown and D. O. Mills as garnishees, which resulted, as it is alleged in the judicial order authorizing the institution of a suit against A. J. Ralston and the Bank of California, garnishees, for the recovery of certain moneys which, as it is claimed the testimony of the garnishees

---

[1] **Cited** and distinguished in Collins v. Angell, 72 Cal. 515, 14 Pac. 136, where the execution had been returned unsatisfied, wherefore the plaintiff was entitled to the order without any affidavit, as provided in section 714 of the Code of Civil Procedure.

discloses, were deposited with the Bank of California by the judgment debtor in the year 1876; and it is by virtue of that alleged order that the plaintiff commenced the action in hand.

The complaint contains specific averments of proceedings, supplementary to execution, in the case of Bryant v. Quimbie. Issue was taken upon it, by specific denials of each of its averments. On the trial the plaintiff, for the purpose of proving compliance with the law under which the alleged supplemental proceedings were taken, and which resulted in the order authorizing the institution of the suit, offered in evidence the papers constituting the proceedings. These consisted of certain affidavits, made by the attorney for Bryant (the orders thereon purporting to have been signed by the judge of the court) for the examination of the judgment debtor and of the other persons named as garnishees, certain papers purporting to contain the testimony of the judgment debtor and garnishees, taken pursuant to said orders, and the final order, predicated upon that testimony, purporting to have been signed by the judge of the court, authorizing the plaintiff to sue. Each of these papers was entitled in the case of Bryant v. Quimbie; but to each and all of them, when offered in evidence, the defendant objected, on the grounds that they constituted no part of the record of the case of Bryant v. Quimbie, and did not come from the files of the court, but came from the custody of the attorney for the plaintiff, and that they were incompetent, irrelevant, and immaterial. The objections were overruled; and the ruling is assigned as error.

As matter of fact, not one of the papers offered in evidence was indorsed filed, nor does the record show that any of them were produced from the custody of the clerk of the court in which the order authorizing the suit purports to have been rendered. Affirmatively, it does appear that they all came from the custody of the attorney of the plaintiff; and, assuming that the judgment debtor, as defendant in the original action, had notice of the proceedings in the action supplementary to execution, in which an order was made which operated in law to transfer his interest in certain property for the satisfaction of the judgment, the question arises, Had the judge of the court, upon the papers in evidence, jurisdiction to make the order?

It may be conceded that an order, made under section 720, Code of Civil Procedure, authorizing a suit to be brought against a garnishee, cannot be questioned for any irregularity in the proceeding, and that, if made in the exercise of a proper jurisdiction, put in motion according to law, it is conclusive in a suit brought in pursuance of it; but, as it is by virtue of the order that the suit is instituted, it is incumbent on the plaintiff in the suit to aver and prove the existence of the order, and of the proceedings upon which the order was founded: 1 Greenleaf on Evidence, sec. 511. Without the proceedings the order would be a nullity, and without the order the action could not be maintained. It is the order which, as the legal result of the proceedings, operates as a judicial assignment to the judgment creditor of the right or interest of the judgment debtor to the property in the hands or subject to the control of the garnishee; and to produce that legal effect the proceedings must have been taken, and the order made, within the jurisdiction of the court before whom they purport to have been taken, and by whom the order purports to have been made. If the court had no jurisdiction of the proceedings, it had no jurisdiction to make the order. To the validity of all judicial proceedings, jurisdiction is indispensable.

Now, a proceeding supplementary to execution is entirely statutory: Hassie v. G. I. W. U. Cong., 35 Cal. 378. It is a separate proceeding in an original action, in which the court where the action is pending is called upon to exercise its jurisdiction in aid of the judgment in the action; and, as the statute which gives the remedy prescribes the mode of procedure, the mode must be followed. Unless the requirements of the statute are complied with, the proceeding cannot be sustained: McDonald v. Vinette, 58 Wis. 620, 17 N. W. 319; Demeritt v. Estes, 56 N. H. 315; Bloom v. Burdick, 1 Hill (N. Y.), 130, 37 Am. Dec. 299; People v. Spencer, 55 N. Y. 4; Bryan v. Smith, 10 Mich. 229; Ransom v. Williams, 2 Wall. 313, 17 L. Ed. 803.

Sections 715 and 717, Code of Civil Procedure, provide that supplementary proceedings shall be commenced by affidavits, which must contain the requirements of the section of the code under which they are made. Such an affidavit takes the place of a creditors' bill in chancery (Adams v.

Hackett, 7 Cal. 201; McCullough v. Clark, 41 Cal. 298; Pacific Bank v. Robinson, 57 Cal. 520, 40 Am. Rep. 120), and, as the legal substitute for that procedure, it must not only contain the necessary averments to give the court jurisdiction over it, but it must also be filed in the court, or delivered to the clerk for that purpose. Until the proceeding is thus commenced, it has no legal existence to set in motion the jurisdiction of the court to make the necessary orders for the examination of the judgment debtor or garnishee in aid of the judgment; there is nothing upon which the judge of the court · can judicially act.

It is the proceeding, from its initial point in the making and filing of the requisite affidavit until its final completion in the judicial order for the institution of a suit against the garnishee, which becomes a judicial record as to the matter in question (Code Civ. Proc., sec. 1904); and, as such, it must be filed with the clerk of the court, and be lodged in the custody of the court; and, to be admissible as evidence of a judicial order, it must come from the hands of the officer in whose custody it is kept as a record of the court, either as an original or authenticated record: Sec. 1905, supra. "Nothing can be borrowed ex visceribus judicii until the original is proved to have come from the proper court": 1 Greenleaf on Evidence, sec. 508.

The papers offered, and admitted in evidence over the defendant's objections, were not a record. They were not original papers filed in the cause in which the proceeding purports to have been taken; they were not found in the place where such a record is kept, nor were they in any way authenticated as a record of the court. Hence jurisdiction to make the orders purporting to have been made for the examination of the judgment debtor, and of the alleged garnishees, as to the property of the judgment debtor did not attach; and the proceeding and orders made, including that which authorized the institution of the action in hand, were void: Day v. Brosnan, 6 Abb. N. C. (N. Y.) 312. Being void, the defendant in this action was not bound to move to vacate the order; it was as though it had never been made; and it attained no validity by reason of the omission of anyone, against whom it might be operative if valid, to vacate or set it aside. Nor was there any record upon which any party aggrieved could

appeal.   The ruling of the court in admitting the papers in evidence was therefore erroneous.

Judgment and order reversed, and cause remanded for further proceedings.

ROSS, J.—Inasmuch as no notice to the judgment debtor of the proceeding authorized by section 720 of the Code of Civil Procedure is provided for, I am of opinion that that section which purports to authorize the judge, by order, to permit the judgment creditor to institute and maintain an action against the alleged debtor of the judgment debtor is unconstitutional and void.   This, not only for the protection of the rights of the judgment debtor, but also for the protection of those of his alleged debtor, who might otherwise be compelled to pay twice.   For this reason I concur in the judgment.

I concur: McKinstry, J.