## TOMLINSON & WEBSTER MANUF'G CO. *v.* SHATTO.

*(Circuit Court, D. Minnesota. April 2, 1888.)*

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER.
   A judgment creditor is entitled on the return of an execution unsatisfied to an order for the examination of the debtor, and to an order forbidding any transfer of his property; and when such orders have been issued and served, the judgment creditor has a lien on the debtor's equitable assets disclosed, and can obtain the appointment of a receiver, the proceedings supplementary to execution being regarded in the light of a creditor's bill.

2. SAME—EFFECT OF ASSIGNMENT BY DEBTOR FOR BENEFIT OF CREDITORS.
   The fact that a voluntary assignment of his property has been made by a judgment debtor to an assignee of his own choosing, subsequently to proceedings supplementary to execution taken against him by a judgment creditor, is no bar to the appointment of a receiver.

3. SAME—COMPELLING CONVEYANCE OF REAL ESTATE TO RECEIVER.
   When, on examination of a judgment debtor in proceedings supplementary to execution, it appears that he is entitled to real estate subject to mortgages, it is competent for the court to compel him to convey to the receiver appointed at the instance of the judgment creditor.

4. SAME—WHEN PROCEEDINGS MAY BE COMMENCED.
   An officer has 60 days within which to make a return to an execution; yet when execution is returned unsatisfied, a judgment creditor may take supplementary proceedings without waiting for the expiration of the said 60 days.

In Equity. Motion for the appointment of a receiver.

The Austin, Tomlinson & Webster Manufacturing Company, plaintiff and judgment creditor, apply by motion for the appointment of a receiver after disclosures upon examination of Charles W. Shatto, defendant and judgment debtor, in proceedings supplementary to execution. Application granted.

*George C. Ripley*, for plaintiff.

*Charles H. Woods* and *Fred W. Reed*, for defendant.

NELSON, J. A motion is made for a receiver, after disclosure, upon an examination in proceedings supplementary to execution, in accordance with the state law and practice.

The appointment of a receiver is opposed for the reason that after the proceedings had been instituted, and an order served upon the judgment debtor forbidding any disposal of his property or interference therewith, he made a voluntary assignment to an assignee of his own selection under the insolvent law of the state of Minnesota, enacted in 1881. I have duly considered the case presented by the arguments of counsel and find:

1. That the return of the execution unsatisfied entitled the plaintiff to the order for the examination of the judgment debtor, and the order

forbidding any transfer of his property, or interference therewith by him, so that property not subject to execution could be reached and applied to the payment of the judgment.

2. That the order for the examination of the debtor when issued and served gave the plaintiff a lien on the equitable assets of the debtor.

3. That he was at this time entitled to the appointment of a receiver to aid in the application of the debtor's property interests to the payment of the judgment, and the assignment after the commencement of the supplementary proceedings should not prevent the appointment.

4. This proceeding supplementary to execution is a substitute for a creditor's bill, and has a greater scope, and when properly commenced the vigilance of the judgment creditor is rewarded by a priorty and lien upon equitable assets; and the discovery upon the examination in this case shows equitable assets; and that the plaintiff is entitled to a receiver.

5. The examination also shows real estate belonging to the judgment debtor in Dakota territory, which is only incumbered by mortgages, the legal title being in him. It is necessary for full relief that a conveyance should be made by the judgment debtor of this property, and the power and legal authority of this court is ample to enforce it, by an order, upon the defendant to make such a conveyance.

6. The law fixes the time of the return of the execution by the officer, at any time within 60 days. After the return of the execution unsatisfied supplementary proceedings may be commenced. The plaintiff is not required to wait until 60 days have expired.

An order will be entered granting the application for a receiver, and a further order that the said defendant, Charles W. Shatto, upon due notice upon the part of the plaintiff, and upon being served with a copy of the order appointing a receiver, attend before me at my chambers in the custom house at St. Paul, at a time to be named in said notice, and then and there, under my direction, execute to the receiver, a conveyance of the real property described in the disclosure of the defendant, and on assignment of such property in trust, to be disposed of and applied, so far as shall be necessary in pursuance of his trust duties as such receiver. Consult Rid. & B. Supp. Proc. (3d Ed.) tit. "Priority," etc.; *Porter* v. *Williams*, 5 How. Pr. 441, affirmed, 9 N. Y. 142; *McDermutt* v. *Strong*, 4 Johns. Ch. 687; *Edmeston* v. *Lyde*, 1 Paige, 637; *Corning* v. *White*, 2 Paige, 568; *Lynch* v. *Johnson*, 48 N. Y. 27; *Flint* v. *Webb*, 25 Minn. 264: *Towne* v. *Goldberg*, 28 N.W. Rep. 254; also Wait. Pr.