[Civ. No. 1805. Second Appellate District.—August 3, 1915.]

THE PEOPLE on Relation of W. C. DORRIS, Respondent, v. JAMES McKAMY, Appellant.

EXECUTION—SUPPLEMENTAL PROCEEDINGS—EXAMINATION OF DEBTOR—SECTIONS 714, 715, CODE CIVIL PROCEDURE.—Under section 714 of the Code of Civil Procedure, where an execution has been returned unsatisfied in whole or in part, an order for the examination of the judgment debtor may be made without any further showing of facts, because the return of the execution itself by the officer unsatisfied pre-supposes that search for property of the debtor on which to levy has been fruitless; but under section 715, where an execution has been issued and not returned, there must be an affidavit that the execution is unsatisfied and that the debtor has property which he refuses to apply to the satisfaction of the judgment. The examination in either case is the same; it covers the same field and is had precisely for the same purpose, to wit: Of having disclosed by an examination of the debtor some property not exempt from execution which the judgment creditor may have subjected to sale under his execution.

ID.—SECOND EXAMINATION—DISCOVERY OF NEW FACTS.—After the judgment creditor has been given the privilege of fully examining the debtor as to the latter's property, he cannot subject him to a second examination without disclosing to the court some new facts, such as that other facts have become known to the creditor of which he was not apprised at the former examination, or matter of like kind.

ID.—SECOND EXAMINATION—WHEN UNWARRANTED.—Where the affidavit for a second examination in such a case is identical with the affidavit for the first examination, except that it sets forth the fact

of the defendant having withdrawn a certain amount of money from a bank, but it is not alleged that the affiant did not at the time of the first examination have full knowledge of the facts concerning the withdrawal of the money, the affidavit is an insufficient foundation for the second examination.

ID.—ATTACHMENT—EXEMPTION—SALARY—SECTION 690 CODE CIVIL PROCEDURE.—In such a case, where the judgment debtor made a claim under subdivision 10 of section 690 of the Code of Civil Procedure of exemption from attachment of his salary as city marshall, on the ground that he was a householder and his earnings were necessary for the use of his family, which was wholly supported by him, it was error for the trial judge to deny a motion for the release of the money from the attachment on the ground that the salary was not necessary for the purpose stated, as it appeared that the debtor had drawn from a bank the sum of one thousand five hundred dollars which had not been accounted for, where the uncontradicted testimony of the debtor showed that the money had all been paid out by him for election expenses and litigation.

APPEAL from an order of the Superior Court of Kern County for an examination of a judgment debtor and denying a claim of exemption.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, for Appellant.

Alfred Siemon, for Respondent.

JAMES, J.—On the eleventh day of March, 1914, judgment was rendered in favor of the relator, the respondent here, and against the defendant in the sum of five hundred dollars and costs.   Thereafter, on the twenty-eighth day of April, 1914, the said relator filed his affidavit with the superior court setting forth that an execution had been issued on the judgment referred to and placed in the hands of the sheriff of Kern County; that the sheriff had been unable to satisfy the judgment out of any property belonging to the defendant; and the affidavit then proceeded to state as follows: "Affiant now avers that said James McKamy has property which he unjustly refuses to apply toward the satisfaction of the judgment; that he is the owner of lots 15, 16 and the north 17 feet of lot 17 in block 198 of the city of Bakersfield, but has conveyed the said lots to Frances Keester, and refuses to apply the said property toward the satisfaction of the said judgment; that said James

McKamy also has personal property, the exact description and nature of which is unknown to affiant, which he refuses to apply toward the satisfaction of the said judgment.'' Upon this affidavit an order was issued requiring the defendant to appear and answer concerning his property, and thereafter, on May 4th, he did so appear and was sworn and testified, and the proceedings were thereupon dismissed. On the thirteenth day of August of the same year, the attorney for the relator made an affidavit which was identical in substance to that theretofore made by the relator, with the exception that this affidavit last filed contained the following additional statement: ''That on or about March 16, 1914, said defendant withdrew a large sum of money from one of the principal banks in this county, which sum amounted to nearly $1500, and is now concealing the said money for the purpose of avoiding a levy.'' This affidavit filed by the attorney, in referring to the issuance of an execution, contained the identical words theretofore expressed in the affidavit of the relator, to wit: ''That on or about the 18th day of March, 1914, an execution in the sum of five hundred dollars was issued out of the superior court of the county of Kern, state of California, against the property of the said defendant, and placed in the hands of the sheriff of the county of Kern; that the sheriff has been unable to satisfy the same out of any property belonging to the defendant, . . .'' Whether the execution so issued had been returned to the court unsatisfied cannot be learned from either of the affidavits. If any presumption is to be applied, we may presume that the execution issued on or about the eighteenth day of March, 1914, was returned by the officer within sixty days, in accordance with the requirement of section 683 of the Code of Civil Procedure. There is no claim that any alias execution was issued subsequent thereto, and therefore, while the last affidavit filed does not disclose that fact, we may assume that there was no outstanding execution at the time the second affidavit was filed. Upon this last affidavit another order was issued requiring the defendant to appear for examination as a judgment debtor before the court. He did so appear, but entered objection to any examination being had, on the ground that the matter as to his property had been fully gone into at the previous examination and no new facts had been shown to the court sufficient to justify the issuance of the second order. The court overruled the objection and the

debtor was again subjected to a lengthy examination on the witness-stand. The only property disclosed thereby was a diamond ring which he wore upon his finger and which the court required him to turn over to the clerk and later, by a final order made in the matter, directed this article of jewelry to be sold by the sheriff under execution. The appeal taken from the order made in the proceeding brings up for review the correctness of the ruling of the court in overruling the objection of the defendant to the second examination. There is another matter concerned in the appeal which will be separately considered.

Attention has already been called to the fact that the second affidavit was identical with the first, except that it set forth the matter as to the defendant having withdrawn a certain amount of money from the bank. It was alleged in the second affidavit that on or about March 16, 1914, this money was withdrawn, but it was not alleged that the affiant or the relator did not at the time of the first examination have full knowledge of the facts concerning the withdrawal of the money. By sections 714 and 715 of the Code of Civil Procedure, a method is provided by which a judgment creditor may in a summary way secure the attendance of his debtor in court for the purpose of having the latter examined concerning his property where sufficient thereof has not been disclosed with which to satisfy the judgment. Under section 714, where an execution has been returned unsatisfied in whole or in part, the order for examination may be made without any further showing of facts, because the return of the execution itself by the officer unsatisfied presupposes that search for property of the debtor upon which to levy has been fruitless. Under section 715, where an execution has been issued and not returned, there must be an affidavit showing that the execution is unsatisfied and that the debtor has property which he refuses to apply toward satisfaction of the judgment. The examination in either case is the same; it covers the same field and is had for precisely the same purpose, to wit: of having disclosed by an examination of the debtor some property not exempt from execution which the judgment creditor may have subjected to sale under his execution. It has been held that after such an examination has been had and the creditor has been given the privilege of fully examining his debtor as to the latter's property, he cannot subject him to a second examina-

tion without disclosing to the court some new facts, such as that other facts have become known to the creditor of which he was not apprised at the former examination, or matters of like kind. Our supreme court has determined that an order made at the conclusion of such a proceeding will be *res adjudicata* as to all matters properly therein involved and considered. It is said in the opinion in the case of *McCullough* v. *Clark,* 41 Cal. 298: "The judgment creditor and debtor are parties to the proceeding, and each is at liberty to call and examine witnesses in respect to any contested fact which may be brought in issue in the course of the proceeding. If the parties to such a proceeding, as between themselves and privies, are not estopped from again litigating the same matters in another form of action, the whole proceeding would be but a judicial farce, accomplishing no useful end." Counsel for respondent has made reference to the authorities collected in 17 Cyclopedia of Law and Procedure, page 1429. This citation is rather in favor of the contention of appellant here, as all the authorities there cited re-affirm the proposition that a second examination of a judgment debtor cannot be had upon proceedings supplemental to execution without the showing of new facts. Under the state of the record as exhibited in the bill of exceptions, we think the showing made by affidavit, which was the foundation of the second order made by the court for the examination of the defendant, was wholly insufficient to warrant the order, and that the objection of the defendant to any further examination being had should have been sustained.

A second, though separate, matter was considered by the court at the same time that the defendant was further examined concerning his property. While defendant had held the official position of city marshal of the city of Bakersfield he had received a salary of two hundred dollars per month. He was a householder and supported a family. His salary for the month of August, 1914, was attached by garnishment and he made claim under subdivision 10 of section 690 of the Code of Civil Procedure, for a release of that attachment on the ground that all of such earnings were necessary for the use of his family which were wholly supported by him. He testified that he had but a small amount of money and that each month he required and used all of his salary in paying household expenses and that the amount which had been at-

tached was needed for that purpose. He testified that the money, amounting to one thousand four hundred and seventy-eight dollars, which he had withdrawn from the bank early in the spring had all been paid out by him for election expenses and litigation which was brought upon him by the action herein entitled, and that he had only between twenty-five and thirty dollars in money. No counter testimony of any kind was offered on behalf of the attaching creditor, and when the matter was submitted to the court on the motion to release the attachment the defendant's testimony stood uncontradicted as to any item or statement thereof. The trial judge made an order denying the motion to release the attachment, holding that the two hundred dollars was not necessary for the support of the family of appellant. His reasons for the making of the order appear in the order itself, which is as follows: "Orders and finds that the sum of $200 salary for the month of August, 1914, is not necessary for the use and support of the said defendant's family, as it appears that defendant drew from the bank about $1500 in February or March and has not accounted for the same." As has already been pointed out, the defendant testified positively that he had expended all of the money which he withdrew from the bank early in the year for election and other expenses. If the court had a suspicion merely that the full truth had not been told regarding the matter, such suspicion would not be sufficient to outweigh the positive and uncontradicted testimony of appellant to the effect that the money had all been paid out and expended by him. As we gather from the terms of the order, the only ground upon which the trial judge considered that he was authorized to conclude that the two hundred dollars was not necessary for the support of appellant's family was because appellant had not satisfactorily accounted for the money which he had months before drawn from the bank. We think that the court's conclusions as to that matter were not sustained by the evidence, but that the appellant was entitled to the exemption claimed. It seems to be conceded by respondent that the two hundred dollar salary comes within the description of subdivision 10 of section 690 of the Code of Civil Procedure, as to property which may be exempted, provided that it is shown that the same is necessary for the support of the family of the debtor.

The order appealed from, which includes both the order made in the matter of the second proceeding supplemental to execution and the order denying appellant's claim of exemption as to the two hundred dollars salary, is reversed.

Conrey, P. J., and Shaw, J., concurred.