[Civ. No. 2198. Third Appellate District.—October 11, 1920.]

## W. S. WATSON, Appellant, v. THOMAS D. PRYOR, Respondent.

[1] PROCEEDINGS SUPPLEMENTAL TO EXECUTION—SECOND EXAMINATION—DISCRETION OF COURT.—In proceedings supplemental to execution, it is in the discretion of the court to permit a second examination of the judgment debtor upon the same matter.

[2] ID.—DENIAL OF SECOND EXAMINATION — DISCRETION — INSUFFICIENCY OF AFFIDAVIT.—In this proceeding supplemental to execution, the trial court committed no error in refusing permission to conduct a second examination, not only because the right to a second examination rests in the sound discretion of the trial court, subject only to the limitation as to its abuse, but because the affidavit upon which the same was based was insufficient, in that it failed to set out any new or additional facts in support of a second examination.

[3] ID.—RULINGS UPON PROPOSED EVIDENCE—ORDERS NOT APPEALABLE. Mere rulings upon the admissibility of proposed evidence are not orders within the meaning of section 963 of the Code of Civil Procedure as "special orders made after final judgment," from which an appeal will lie.

[4] ID.—ERRORS COMMITTED IN COURSE OF EXAMINATION—WHEN REVIEWABLE ON APPEAL.—The examination of the judgment debtor is not, in itself, an end, but is one of the steps in the means to an end, and errors committed in the course of the examination are not reviewable on appeal until the end sought by the proceeding has been first crystallized into a final order granting or denying the proposed relief or dismissing the proceeding.

APPEAL from orders of the Superior Court of Siskiyou County on proceedings supplemental to execution. James F. Lodge, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Peck, Bunker & Cole and C. D. Dethlefsen for Appellant.

Taylor & Tebbe for Respondent.

PREWETT, P. J., *pro tem.*—In this case the plaintiff and appellant appeals from eighteen orders made by the lower court on proceedings supplemental to execution. But one notice of appeal was given. The clerk certifies that "an undertaking on appeal in due form has been properly filed in the foregoing action."

The defendant and respondent insists that, as there were eighteen appeals and but one undertaking, the appeals must be dismissed, and he cites authorities which sustain his position. (*People* v. *Center*, 61 Cal. 191; *Home & Loan Associates* v. *Wilkins*, 71 Cal. 626, [12 Pac. 799]; *Meley* v. *Boulon*, 104 Cal. 262, [37 Pac. 931].) The appellant does not controvert the soundness of these authorities, but he seeks to avoid their effect by claiming that his appeal is from but one order, to wit, a certain ruling or order made by the court in ruling upon the admissibility of evidence wherein the court used this language: "I am inclined to the opinion that the examination should be confined to the property Mr. Pryor may have acquired since the prior examination." This is clearly a ruling upon the admissibility of proposed evidence and is one of some twenty-eight similar rulings. No final judgment or order was made or entered by the court adjudicating the rights of either party, and the appeals are from eighteen of above twenty-eight rulings. All the rulings appealed from are described in one notice of appeal and are referred to therein as follows: "Appeals to the supreme court of the state of California from the orders made after judgment in said action, refusing to permit plaintiff to examine defendant upon proceedings supplementary to execution concerning the ownership by defendant, of property, real or personal, and of assets belonging to him, which said orders were made and entered

. . . in the words and figures following to wit'': Then follows at length an enumeration of eighteen rulings from which the appeal is taken.

(1) It is not claimed that the appeal is taken under the alternative method. If it was not so taken, then it follows from the authorities above cited that no new or amended undertakings can be filed and the appeal must be dismissed.

(2) But conceding that this court may go beyond the claim of the appellant and hold that the appeal is taken under the alternative method, the appellant is placed in no more favorable position. [1] It appears from the statement of the court in his ruling embraced in the first numbered exception that the defendant had once before been subjected to an examination upon the same matter. No objection was made at the time as to the truth of this statement and, clearly, the examination was conducted upon the assumption that such prior examination had been had. Even if the mere statement of the court is an unsatisfactory method of showing the fact, still, the proceeding having been conducted upon that assumption, it is too late to raise the point for the first time on appeal. It is well settled, both in this state and elsewhere, that it is in the discretion of the court to permit a second examination. (Freeman on Executions, sec. 406a; 12 Encyclopedia of Evidence, 237.) The following California cases conclusively dispose of the matter:

"It has been held that after such examination has been had and the creditor has been given the privilege of fully examining his debtor as to the latter's property, he cannot subject him to a second examination without disclosing to the court some new facts, such as that other facts have become known to the creditor of which he was not apprised at the former examination, or matters of like kind. Our supreme court has determined that an order made at the conclusion of such a proceeding will be *res adjudicata* as to all matters properly therein involved and considered." (*People* v. *McKamy,* 28 Cal. App. 196, [151 Pac. 743].) "The judgment creditor and debtor are parties to the proceeding and each is at liberty to call and examine witnesses in respect to any contested fact which may be brought in issue in the course of the proceeding. If the parties to such a proceeding, as between themselves and their privies,

are not estopped from again litigating the same matters in another form of action, the whole proceeding would be but a judicial farce, accomplishing no useful end." (*McCullough* v. *Clark*, 41 Cal. 298.)

[2] In the last case the affidavit contained a defect similar to the defect in the affidavit in the case at bar, in that it failed to set out any new or additional facts in support of a second examination.

(3) It is clear that a creditor is entitled to examine his debtor as to property situated in another state (Freeman on Executions, sec. 394, and many authorities there cited; *McGee* v. *McSweeney*, 84 Cal. 100, [23 Pac. 1117]; *Tomlinson* v. *Webster Mfg. Co.*, 34 Fed. 381.) Nevertheless, the trial court committed no error in refusing permission to conduct a second examination, first, because the affidavit upon which the same was based is insufficient; and, secondly, the right to a second examination rests in the sound discretion of the trial court, subject only to the limitation as to its abuse.

(4) The rulings in question are not appealable.

No final judgment was entered in the matter as contemplated by section 719 of the Code of Civil Procedure and the court entered no final order determining any right or liability. [3] Mere rulings upon the admissibility of proposed evidence are not orders within the meaning of section 963 of the Code of Civil Procedure as "special orders made after final judgment."

The court, in discussing the character of orders that are deemed excepted to under section 647 of the Code of Civil Procedure, in *McGuire* v. *Drew*, 83 Cal. 225, [23 Pac. 312], uses the following language: "We do not understand that a ruling made during the progress of a trial, either admitting or rejecting evidence, is an order within the meaning of above section. By section 1003 of the Code of Civil Procedure an order is defined as follows: 'Every direction of a court or judge, made or entered in writing and not included in a judgment, is denominated an order. An application for an order is a motion.' "

[4] The examination of the judgment debtor is not, in itself, an end, but is one of the steps in the means to an end, and errors committed in the course of the examination are not reviewable on appeal until the end sought by the pro-

ceeding has been first crystallized into a final order granting or denying the proposed relief or dismissing the proceeding. "The order appealed from is not a special order made after final judgment, within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure, although it was made subsequent to the entry of judgment. It in no manner affected the judgment or bore any relation to it, either by way of enforcing it or staying its operation. Neither is it a final determination of any matter affecting the appellant in the proceeding in the court in which it was made." (*Kaltschmidt* v. *Weber,* 136 Cal. 676, [69 Pac. 497].) This authority is peculiarly applicable to the matter now under examination. The rulings complained of neither added to nor subtracted from the relief granted in the judgment, nor did they adjudicate any rights or establish any liabilities. Proceedings supplemental to execution are a substitute for a creditor's bill, and, while they are not separate actions (*Collins* v. *Angell,* 72 Cal. 513, [14 Pac. 135]), they are, nevertheless, separate proceedings in an original action (*Bryant* v. *Bank of California,* 2 Cal. Unrep. 475, [7 Pac. 128]), and appeals lie from orders therein only in the cases provided by law. The eighteen rulings above mentioned are not within this class.

Whether the appellant is entitled to any appropriate relief without the entry of some final order, or in case the court declines to enter a final order, need not at this time be discussed.

The appeal is dismissed.

Hart, J., and Burnett, J., concurred.