[S. F. No. 11478. In Bank.—April 7, 1925.]

LIBERTY BANK (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES, Respondent.

[1] SUPPLEMENTARY PROCEEDINGS — EXAMINATION OF DEBTOR OF JUDGMENT DEBTOR—POWER OF COURT—SECTION 717, CODE OF CIVIL PROCEDURE.—Under section 717 of the Code of Civil Procedure the power of the court to order an examination of a debtor of a judgment debtor, or of those having property belonging to him, is predicated upon proof by affidavit or otherwise being made to the satisfaction of the judge that such person or corporation has property or money of such judgment debtor or is indebted to him. It is in the nature of a special proceeding initiated by the filing of the affidavit or the

making of such other proof as will justify the making of the order.

[2] ID.—OFFICER OR MEMBER OF CORPORATION—RECITAL IN ORDER—INSUFFICIENCY OF.—The recital in an order in supplementary proceedings requiring a person to appear for examination with reference to property alleged to belong to a judgment debtor, that he is the assistant cashier of a corporation alleged to have money on deposit belonging to the debtor, is not a sufficient recital that he is either an "officer or member" of said corporation.

[3] ID.—MONEY DEPOSITED IN BANK—ORDER ON ASSISTANT CASHIER TO PAY TO CREDITOR—INVALID ORDER.—An order on an assistant cashier of a bank to appear and show cause in court why he should not in that capacity turn over money or property in the custody of the bank, alleged to belong to a judgment debtor, to the judgment creditor, is invalid, as such assistant cashier has no such control over the disposition of the money or property as to render him subject to such order.

[4] ID.—ORDER TO SHOW CAUSE—APPEARANCE OUT OF COUNTY—SECTION 1989, CODE OF CIVIL PROCEDURE—PROHIBITION.—Under section 1989 of the Code of Civil Procedure, an order on an assistant cashier of a bank, in either his personal or representative capacity, to appear in court and be examined as a witness regarding money or property alleged to belong to a judgment creditor of which the bank is alleged to be the custodian, is invalid, where the place of appearance is outside the county and several hundred miles from the residence of the party cited to appear, and prohibition will lie to prevent enforcement of the order.

(1) 23 C. J., p. 845, n. 46, p. 849, n. 33, 34.   (2) 23 C. J., p. 851, n. 82.   (3) 23 C. J., p. 851, n. 82.   (4) 23 C. J., p. 853, n. 14.

APPLICATION for Writ of Prohibition to restrain proceedings under an order to show cause.   Writ granted.

The facts are stated in the opinion of the court.

Cullinan & Hickey and Reisner & Deming for Petitioners.

H. L. Sacks for Respondent.

RICHARDS, J.—This application is by the petitioners herein for a writ of prohibition preventing the superior court in and for the county of Los Angeles from taking any further proceedings upon or in connection with a certain order set forth in said application.   The facts which

form the basis of the present application and for the order of said superior court affected by this proceeding are in the main set forth in the decision of this court in the cause entitled *Finn* v. *Butler, ante,* p. 759 [235 Pac. 992]. In addition thereto the following facts appear: On or about the eleventh day of December Frank I. Butler, the referee of said court referred to in our former decision, filed in said° court, and in the case of *L. Paggi* v. *Karl Elliott* pending therein, his report, and the order made by him thereon, and which was the subject of said former decision. Thereafter, and on January 10, 1925, one H. L. Sacks presented and filed in said superior court and in said action the following affidavit:

"H. L. Sacks, being first duly sworn, deposes and says:

"That he is the attorney in the above-entitled action; that an execution was issued out of the superior court in the above-entitled action for the sum of $3,344.58, on the 2nd day of December, 1924, and that the sheriff of the county of San Francisco did, by virtue of said execution, levy and garnisheed all moneys of the defendant in the Liberty Bank, San Francisco, standing in the name of Karl Elliott. That there was at the time of said garnishment $6317.56 money in the said bank, which belongs to said defendant Karl Elliott. That the said bank refuses to turn over said moneys. That the money is the property of said judgment debtor, and that it should therefore be applied to the satisfaction of said judgment. That a demand has been made upon the said Liberty Bank, to turn the said money over in pursuance to the writ of execution, a copy of which was served on the said bank, but that the said Liberty Bank declines and refuses to turn said funds over.

"Wherefore, deponent prays that this court make an order that the said Liberty Bank turn over the said moneys toward the satisfaction of said judgment in pursuance to the writ of execution heretofore served upon it, and issued in the above-entitled action." (Signed .H. L. Sacks and duly verified.)

Thereupon, and on said January 10, 1925, the said court made the following order:

"Upon reading the affidavit of H. L. Sacks, verified the 10th day of January, 1925, and good cause appearing therefor it is hereby ordered:

"That Charles F. Partridge, Assistant Cashier of the Liberty Bank of San Francisco, California, be and personally appear in Department 25 of the above-entitled court, in the county courthouse, Los Angeles, California, on the 23rd day of January, 1925, at 10 o'clock A. M. thereof, then and there to show cause if any he has why an order should not be made directing him as assistant cashier of the Liberty Bank, to turn over to the plaintiff in the above-entitled action all sums of money owing to and deposited to the credit of Karl Elliott or sufficient to satisfy said judgment pursuant to an execution issued and served upon said bank in the above-entitled action.

"Dated this 10th day of January, 1925.

"JOHN M. YORK, Judge."

(Seal of the Superior Court.)

Thereafter, and on January 12, 1925, a copy of said order was served upon Charles F. Partridge, one of the petitioners herein, in the city and county of San Francisco. Said Charles F. Partridge is an assistant cashier of the said Liberty Bank, which is a corporation organized under the laws of the state of California and having its principal and only place of business in the city and county of San Francisco. Said Partridge, while an assistant cashier of said corporation, is not the president or other managing head thereof, nor is he vice-president or secretary, or assistant secretary or cashier thereof. The residence of said Partridge is at Menlo Park, in the county of San Mateo, state of California. The petitioners herein allege that the plaintiff in said action is by said affidavit and order seeking to enforce the order of the said referee which was the subject of the said former proceeding in this court and of our decision therein this day filed. This averment the respondent herein denies, but in connection with said denial avers that the order above set forth in full was predicated upon the affidavit of Sacks, also above set forth, and that said order was made and is based upon the provisions of section 717 of the Code of Civil Procedure relating to an examination of the debtor of a judgment debtor, and that said respondent intends after the examination of said Partridge to make an order in conformity with the facts as will appear at said examination, in compliance with the law, as made and provided in sections

195 Cal.—49

717 to 720, inclusive, of the Code of Civil Procedure. The respondent, also in its answer herein, basing its denial upon its want of information and belief, denies practically all of the averments of the petition herein relating to the proceedings before the referee, with the exception of the referee's order; but since these matters appear in the report of· said referee filed in said action and in said court these denials must be held to be insufficient to present an issue as to said averments in the petition. It is also alleged in the answer of the respondent that the service of said order to show cause upon Charles F. Partridge, assistant cashier of the Liberty Bank, was made at the special instance and request and for the accommodation of said bank, and that said Charles F. Partridge was authorized by said bank to accept service of any and all papers in the action of *Paggi* v. *Elliott*. It is further alleged in the same connection that a stipulation was entered into between counsel for said Paggi and the petitioners herein to the effect that said Partridge need not appear in person in response to said order, but might present an affidavit on behalf of the petitioners to the court upon the hearing thereon, and that his personal appearance would be waived by the plaintiff in said action. The foregoing averments in the respondent's answer were in the nature of affirmative defenses, the burden of supporting which was upon the respondent at said hearing, but no attempt was made at said hearing to sustain them by any sort of evidence or showing as to their truth, and for that reason these averments must be disregarded in our consideration of this cause.

If the order of the superior court which is assailed in this proceeding is to be taken to be an order issued by it in furtherance and in execution of the order of the referee, it must fall with our decision this day filed, holding that the said order of the referee was void as beyond his statutory power. However, the respondent, in its answer herein and also at the hearing, has denied that its said order was made or was intended as an order in furtherance or in execution of the said referee's order and report, and the respondent asserts, both in its answer and at said hearing, that its said order was solely predicated upon the affidavit of said Sacks, above set forth, and was issued by said court under the provisions of section 717 of the Code of Civil Procedure, re-

lating to the examination of a judgment debtor. It will, therefore, be considered as to its validity from that aspect. Section 717 of the Code of Civil Procedure provides as follows:

"After the issuing or return of an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has property of such judgment debtor, or is indebted to him in an amount exceeding fifty dollars, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear at a specified time and place before him, or a 'referee appointed by him, and answer concerning the same.''

[1] It will be seen from a reading of this section that the power of the court to order the examination of a debtor of a judgment debtor, or of those having property belonging to him, is predicated upon proof by affidavit or otherwise being made to the satisfaction of the judge of said court that such person or corporation has property or money of such judgment debtor or is indebted to him. It is in the nature of a special proceeding initiated by the filing of the affidavit or the making of such other proof as will justify the making of the order. (*Carter* v. *Los Angeles Nat. Bank,* 116 Cal. 370, 374 [48 Pac. 332].) In the instant case the order in question is predicated upon the affidavit of Sacks and has admittedly no other foundation. The affidavit of Sacks, liberally interpreted, would seem to have been sufficient to support an order of the court requiring the Liberty Bank, a corporation, or any officer or member thereof, to appear and answer respecting the matters set forth in said affidavit. Had the Liberty Bank, a California corporation, having its principal place of business in the city and county of San Francisco and not elsewhere, been made the direct subject of said order, the interesting question would be presented as to whether the superior court of the county of Los Angeles had jurisdiction to order the attendance of said corporation or any officer or member thereof in a county other than the place of business of said corporation or than the residence of its officers or members affected by said order, in view of the provision in section 714 of said chapter of the code forbidding the making of such an order requiring the

judgment debtor himself to attend before a judge or referee outside of the county in which he resides or in which his place of business is, and in view, also, of section 1989 of said code, providing that "A witness is not obliged to attend as a witness before any court, judge, justice or other officer out of the county in which he resides unless the distance be less than fifty miles from his place of residence to the place of trial." But however this may be, the affidavit filed herein as the foundation for said order and upon which the order itself recites that it is predicated nowhere shows that any other debtor of the judgment debtor than the Liberty Bank is sought to be brought before said court by virtue of the order prayed for; and if it be claimed that under the wording of section 717 of said code the court or the judge thereof had power to order any "officer or member" of said corporation to appear at the designated time and place, it must still have been made to appear that the person who is thus ordered to appear is an "officer or member" of such corporation within the intent and meaning of sections 717 and 719 of said code. The order in question is not directed in terms against the Liberty Bank, a corporation, nor in terms against an "officer or member thereof." It is directed against one Charles F. Partridge, who is designated in said order as "assistant cashier of the Liberty Bank of San Francisco, California," and it orders him to appear personally "in the county court house, Los Angeles, California, in Department 25 of the above entitled court . . . then and there to show cause if any he has why an order should not be made directed to him, as assistant cashier of the Liberty Bank, to turn over to the plaintiff in the above entitled action all sums of money owing to and deposited to the credit of Karl Elliott . . . pursuant to an execution issued and served upon said bank in the above entitled action." [2] The recital in said order that said Charles F. Partridge is the assistant cashier of said corporation cannot be held to be a sufficient recital that he is either an "officer or member" of said corporation. Ordinarily, as was said by this court in the case of *Golden Gate etc. Co.* v. *Superior Court,* 65 Cal. 187, 191 [3 Pac. 628], an order to show cause which may be made the basis of a contempt proceeding when directed against a corporation must be served in the same manner as a summons, which must be upon "the president

or other head of the corporation, vice-president, secretary, assistant secretary, cashier, or managing agent thereof." Ordinarily an assistant cashier of a corporation is neither an officer nor a member thereof in the sense that he exercises any such control over the disposition of the property or money in the custody of such corporation as would render him the proper subject of an order requiring him in that capacity to turn over the said money or property in the custody or keeping of such corporation to a stranger to it and in an action to which it is a stranger.   [3]   The order in question herein, so far as it undertakes to direct said Partridge, as assistant cashier of the Liberty Bank, to appear and show cause in said court, why he should not in that capacity turn over the money or property in the custody of said bank to the plaintiff in said action is entirely lacking in any basis for its issuance, either in the affidavit upon which it is predicated or in the recitals of the order itself.

[4]   It may be contended, however, that the order in question is sufficient in form to require the said Charles F. Partridge, in either his personal or representative capacity, to appear in said court and be examined as a witness regarding the money or property of the judgment debtor of which the Liberty Bank is alleged to be the custodian, under the provisions of section 718 of the Code of Civil Procedure.   But if this is to be the interpretation and effect of said order it must be held to be nothing more than a citation or subpoena requiring the person named therein to appear and testify as a witness in a county other than that in which he is shown to reside and which is several hundred miles from the place of his said residence.   This is not permitted under section 1989 of the Code of Civil Procedure, and any such citation, subpoena, or order compelling such attendance would be void, and any such witness who might be subjected to the perils and penalties of an attachment or contempt proceedings as a result of his disobedience of such order would have the right to invoke the aid of a writ of prohibition to stay the threatened enforcement thereof in a judicial proceeding when the power to make or enforce such order was beyond the statutory power of the court undertaking to make or threatening to enforce the same. Viewed from either aspect, therefore, whether said order is to be considered as an order directing the Liberty Bank, a

corporation, directly or through an officer or member thereof, to appear in said court and show cause as required in said order; or whether said order is to be regarded as an order directed to said Charles F. Partridge requiring him to appear and be examined as a witness in said action and proceeding, it is lacking in any proper foundation, either in the affidavit upon which it is predicated or in the statute upon the terms of which it is sought to be justified. The petitioners herein are, therefore, entitled to a writ prohibiting the enforcement of said order.

Let a writ be issued accordingly.

Myers, C. J., Shenk, J., Seawell, J., Waste, J., Lennon, J., and Lawlor, J., concurred.