JUSTO DE JESÚS TORRES, Plaintiff and Appellee, *v.* CARIBBEAN TRUCKING COMPANY, INC., Defendant and Appellant. LEONCIO ALVAREZ, Plaintiff and Appellee, *v.* THE SAME, Defendant and Appellant. ANA MONTIJO ET AL., Plaintiffs and Appellees, *v.* THE SAME, Defendant and Appellant. JUAN HERNÁNDEZ RAMOS, Plaintiff and Appellee, *v.* THE SAME, Defendant and Appellant.

Nos. 9936, 9937, 9938 and 9939. Argued November 7, 1949.—
Decided November 21, 1949.

528

*Rafael Hernández Matos* for appellant. *Bolívar Pagán* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On September 30, 1948 the district court of San Juan entered judgments in favor of the plaintiffs in the aggregate sum of $10,400 in the above-entitled suits for damages against Caribbean Trucking Company. On March 18, 1949 we dismissed appeals from these judgments for abandonment, and our mandates to that effect reached the district court on April 4, 1949. On April 21, 1949, pursuant to a "motion for execution of judgment" by the plaintiffs, the district court of San Juan entered an order in each case directing Eduardo R. Bonar and Pepita Santiago, President and Treasurer, respectively, of the defendant corporation, to appear on a specified date in order to consign the amounts of the judgments in the district court; and if they did not consign these sums, they were to appear to testify to give their reasons therefor, and to testify under oath as to their assets and liabilities and as to the assets and liabilities of the corporation, under pain of contempt. The corporation and the two officers have appealed from these orders.

The first assignment is that the orders were premature. The appellants contend that § 269 of the Code of Civil Procedure, 1933 ed., applies to this case; that § 269 provides that the marshal must return a writ of execution

unsatisfied before the district court may order a judgment debtor to appear and answer upon oath concerning his properties; and that no such writ has been returned unsatisfied in this case.[1]

The appellees in effect concede that they have not complied with the requirement of § 269 that a writ of execution must be returned unsatisfied before the district court may require the judgment debtor to answer upon oath concerning his properties. But they argue that the proceedings which have already taken place under their motions to attach property to secure the effectiveness of the judgments make this requirement of § 269 futile and unnecessary in this case. In support of this contention, they rely on certificates of the Secretary of the district court of San Juan that after the judgments became *firme*, on motions of the plaintiffs in each case, the district court on November 17, 1948 "entered an order of attachment of the property of the defendant, to secure the effectiveness of said judgment; that on November 19, 1948, the marshal of the district court of Ponce, in execution of the said order of attachment, attached all the property of the defendant; that on December 22, 1948, by judgment of the Hon. R. Cordovés Arana, Judge of said district court of San Juan, the said attachment was vacated, in a third party proceeding, as the properties attached were not the property of the defendant."

---

[1] Section 269 reads as follows:

"When an execution against property of the judgment debtor, or of any of several debtors in the same judgment, issued to the marshal of the district where he resides, or if he do (does) not reside in said district, to the marshal of the district where the judgment roll is filed, is returned unsatisfied in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order from the judge of the court, requiring such judgment debtor to appear an answer upon oath concerning his property, before such judge, or a referee appointed by him, at a time and place specified in the order; but no judgment debtor must be required to attend before a judge or referee out of the district in which he resides."

We are unable to agree with this contention. An attachment to secure the effectiveness of a judgment, pursuant to the Act of March 1, 1902, as amended, Code of Civil Procedure, 1933 ed., pp. 97–103, may be made prior or subsequent to judgment. In the event such an attachment is made subsequent to judgment, pursuant to § 3 of the Act of 1902 no bond is required. But under either circumstance such an order of attachment is not equivalent to a writ of execution, which is issued after the judgment is *firme* and is a final direction to seize and sell property of the judgment debtor to satisfy the judgment. See § 3 of the Act of March 9, 1905, Code of Civil Procedure, p. 123. Indeed, the facts in this case demonstrate precisely this distinction. The appellees obtained their orders of attachment on November 17, 1948, after the judgments were entered on September 30, 1948, but while the cases were still pending on appeal. Such orders of attachment do not authorize execution. The latter action could result only from writs of execution, which could have been (but were not) obtained under § 269 of the Code of Civil Procedure only after April 4, 1949, when the judgments became *firme* by dismissal of the appeals therefrom and receipt of our mandates in the district court. Consequently, anything done by virtue of the orders of attachment issued under the Act of 1902 could not constitute compliance with § 269. The requirements of § 269 must be fulfilled without reference to action, if any, taken under the Act of 1902 to secure the effectiveness of judgments. See *Tucker* v. *Fontes*, 161 P. (2) 697 (Calif., 1945) ; *Magby* v. *New York Life Ins. Co.*, 29 P. (2) 791 (Calif., 1934) ; 100 Am. Dec. 502, 504; 11 Cal. Jur. § 84, pp. 147–48.

The appellants also argue that compliance with § 269 is unnecessary when the judgment debtor is insolvent. We do not stop to determine if that is the rule as we find nothing in the record which shows affirmatively that after the judgments became *firme* the defendant corporation was insolvent.

■ The appellees contend that, irrespective of § 269, the order of the district court for examination under oath was justified by (1) §§ 7(4) and 36 of the Code of Civil Procedure, (2) § 2(h) of the Act of 1902, and (3) the inherent powers of the district court to enforce its judgments. Although the cited Sections are couched in broad language, we are unable to agree that under them or under the inherent powers of the district court it may dispense with the specific requirements of § 269 when exercising its authority to question judgment debtors as to their property. To so hold would be to atribute a *brutum fulmen* to the Legislature in providing in § 269 that a writ of execution must be returned unsatisfied before an order may be obtained for examination of a judgment debtor under oath.

■■ The appellants argue that there is no statutory authority for the provision in the orders that the corporation and its officers shall consign the amounts of the judgments in the district court. The provision as to the officers, as hereinafter noted, was unwarranted. But insofar as it applied to the corporation, although not specifically authorized by statute, we find it harmless. It was in legal effect merely a restatement that the amounts named were owed on the judgments. But we need hardly state that failure to consign these sums would not authorize punishment for contempt. That could result only from failure to appear or refusal to answer under oath as to properties of the judgment debtor, as provided in § 269. See § 276, Code of Civil Procedure.

■ The appellants also complain that the order improperly required the President and Treasurer of the corporation to answer as to their own properties. We agree that this provision of the order was not justified. The appellees contend that under some circumstances officers of a corporation are personally liable for the debts of a corporation. But until that alleged liability is reduced to a personal judgment, the officers may not be questioned under § 269 as to their

personal assets in aid of execution of a judgment against the corporation.[2]

■ Finally, the orders required the officers of the corporation to appear in the district court of San Juan for questioning, despite the fact that they reside in Ponce. Under § 269 the officers of a corporation may be questioned as to the properties of the corporation when the latter is a judgment debtor. *South Bend Toy Manuf'g. Co.* v. *Pierre Fire & M. Ins. Co.*, 56 N. W. 98, 100 (S. D., 1893) ; *Liberty Bank* v. *Superior Court*, 235 P. 995 (Calif., 1925). But § 269 requires examination in the district where the "judgment debtor" resides. Where the examination is of officers of a corporate judgment debtor, we construe § 269 to mean that the examination must be conducted in the district where the officers reside. The officers herein must therefore be examined in Ponce, not in San Juan. However, although the examination is conducted in Ponce, the order therefor must be issued by the district of San Juan, where the judgments were entered, directing examination either by a referee or by the district court of Ponce. *Corcoran* v. *Harris*, 270 P. 391 (Calif., 1928).[3]

The orders of the district court will be reversed and new orders will be entered dismissing in each case the "motion for execution of judgment" of April 21, 1949, without prejudice to the right of the appellees to move in the district

---

[2] Cf. § 272 of the Code of Civil Procedure, which reads as follows:

"After the issuing or return of an execution against property of the judgment debtor, or of anyone of several debtors in the same judgment, or upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has money or property of such judgment debtor, or is indebted to him in any amount exceeding fifty dollars, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear at a specified time and place before him, or a referee appointed by him, and answer concerning the same."

[3] *Coleman* v. *Galvin*, 177 P.(2) 606 (Calif., 1947) holds that the order of examination may be issued by the district court where the person to be examined resides. But the *Coleman* case was decided after the California statute was specifically amended to make this possible. Section 269 has not been so modified.

534

court of San Juan for a writ of execution; and, if the writ is returned unsatisfied, to move in the district court of San Juan for examination under oath by a referee or by the district court of Ponce of the officers of the defendant corporation as to the property of the corporation.