Justo de Jesús Torres, demandante y apelado, *v.* Caribbean Trucking Company, Inc., demandada y apelante. Leoncio Alvarez, demandante y apelado, *v.* La Misma, demandada y apelante. Ana Montijo y su esposo Francisco Rodríguez Rovira, demandantes y apelados, *v.* La Misma, demandada y apelante. Juan. Hernández Ramos, demandante y apelado, *v.* La Misma, demandada y apelante.

Núms. 9936, 9937, 9938 y 9939.—*Sometidos:* Noviembre 7, 1949.
*Resueltos:* Noviembre 21, 1949.

556

*Rafael Hernández Matos,* abogado de la apelante; *Bolívar Pagán,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 30 de septiembre de 1948 el Tribunal de Distrito de San Juan dictó sentencias a favor de los demandantes por la suma total de $10,400 en los casos de epígrafe, en concepto de daños, contra la Caribbean Trucking Co. El 18 de marzo de 1949 desestimamos por abandono los recursos de apelación interpuestos contra dichas sentencias y nuestros mandatos llegaron al Tribunal de Distrito el 4 de abril de 1949. El día 21 del mismo mes, a tenor con una "moción para ejecución de sentencia" radicada por los demandantes, el Tribunal de Distrito dictó resolución en cada caso ordenando a Eduardo R. Bonar y a Pepita Santiago, presidente y tesorera respectivamente de la corporación demandada, que comparecieran en determinado día con el fin de consignar en el tribunal de distrito el importe de las sentencias; y que de no consignarlo comparecieran a exponer las razones para ello, y a declarar bajo juramento en cuanto a sus bienes personales y en cuanto al activo y pasivo de la corporación, con apercibimiento de desacato. La corporación y los dos directores de la misma han apelado de estas resoluciones.

El primer error señalado es que las resoluciones fueron prematuras. Los apelantes sostienen que a este caso es de aplicación el artículo 269 del Código de Enjuiciamiento Civil, ed. de 1933; que dicho artículo dispone que el Márshal deberá devolver incumplimentada la orden de ejecución antes de que la corte de distrito requiera al deudor en la sentencia para que comparezca y conteste bajo juramento acerca de los bienes que posea; y que en este caso no se ha devuelto incumplimentada ninguna orden de ejecución.(¹)

------

(¹)El artículo 269 prescribe así:

"Cuando una orden de ejecución contra los bienes de un deudor declarado tal por la sentencia o de cualquiera de los deudores comprendidos en aquélla, librada al márshal del distrito en que resida aquél o si no reside en dicho distrito,

558

Los apelados en efecto admiten que no han dado cumplimiento al artículo 269 en cuanto a la devolución de la orden de ejecución incumplimentada antes de que la corte de distrito requiera al deudor que conteste bajo juramento acerca de los bienes que posea. Pero arguyen que los procedimientos que ocurrieron con motivo de sus mociones de embargo para asegurar la efectividad de las sentencias, trajeron como resultado que este requisito del artículo 269 fuera fútil e innecesario en este caso. En apoyo de su contención, descansan en certificaciones expedidas por la Secretaria del Tribunal de Distrito de San Juan al efecto de que luego de convertirse en firme las sentencias, a moción de los demandantes en cada caso, el tribunal de distrito el 17 de noviembre de 1948 ''dictó orden de embargo sobre los bienes de la demandada, para asegurar la efectividad de dicha sentencia; que el 19 de noviembre de 1948, el Márshal de la Corte de Distrito de Ponce, en ejecución de la referida orden de embargo, embargó todos los bienes encontrados de la demandada; que el 22 de diciembre de 1948, por sentencia del Hon. R. Cordovés Arana, Juez de dicha Corte de Distrito de San Juan, fué anulado dicho embargo, en un procedimiento de tercería, por no ser los bienes embargados propiedad de la demandada.''

No podemos convenir con esta contención. Un embargo para asegurar la efectividad de una sentencia, de conformidad con la Ley de marzo 1 de 1902, según ha sido enmendada, Código de Enjuiciamiento Civil, ed. de 1933, págs. 96–102, puede hacerse antes o después de sentencia. En caso de que se efectúe con posterioridad a la sentencia, a tenor con la

al márshal del distrito en que estuviere archivado el legajo de la sentencia, fuere devuelta incumplimentada en todo o en parte, el acreedor declarado tal en aquélla, en cualquier tiempo después de dicha devolución, tendrá derecho a una orden expedida por el juez de la corte requiriendo al deudor para que comparezca y conteste bajo juramento acerca de los bienes que poseyere, ante dicho juez, o ante un árbitro nombrado por éste, en la fecha y lugar que se señalarán en la orden; pero ningún deudor por la sentencia será obligado a comparecer ante un juez o árbitro fuera del distrito en que residiere.''

sección 3 de la Ley de 1902 no es necesaria la prestación de fianza. Pero en uno u otro caso tal orden de embargo no es equivalente a una orden de ejecución, que se expide después de ser firme la sentencia y es un mandamiento final para la incautación y venta de los bienes del deudor en pago de la sentencia. Véase la sección 3 de la Ley de marzo 9 de 1905, Código de Enjuiciamiento Civil, pág. 122. En verdad, los hechos de este caso demuestran precisamente esta diferencia. Los apelados obtuvieron sus órdenes de embargo el 17 de noviembre de 1948, luego de dictarse las sentencias el 30 de septiembre del mismo año, pero mientras los casos estaban todavía en apelación. Tales órdenes de embargo no autorizan la ejecución. Ésta emana solamente de órdenes de ejecución, que pudieron ser (pero no fueron) obtenidas bajo el artículo 269 del Código de Enjuiciamiento Civil, solamente después del 4 de abril de 1949, cuando las sentencias vinieron a ser firmes por haberse desestimado las apelaciones interpuestas contra las mismas y haberse enviado los mandatos al tribunal de distrito. En su consecuencia, cualquier gestión practicada en virtud de las órdenes de embargo expedidas bajo la Ley de 1902 no puede constituir cumplimiento con el artículo 269. Los requisitos del artículo 269 deben cumplirse independientemente de cualquier actuación, si alguna, llevada a cabo de acuerdo con la Ley de 1902 para asegurar la efectividad de sentencias. Véanse *Tucker* v. *Fontes,* 161 P.2d 697 (Calif., 1945); *Magby* v. *New York Life Ins. Co.,* 29 P.2d 791 (Calif., 1934); 100 Am. Dec. 502, 504; 11 Cal. Jur. sección 84, págs. 147-48.

■ Los apelantes también arguyen que cuando el deudor en la sentencia es insolvente, es innecesario dar cumplimiento al artículo 269. No nos detenemos para determinar si ésta es la regla, ya que nada encontramos en el récord que justifique afirmativamente que después de ser firmes las sentencias la corporación demandada era insolvente.

■ Los apelados alegan que, independientemente del artículo 269, la resolución del tribunal de distrito para que comparecieran a declarar bajo juramento estuvo justificada por (1) los artículos 7(4) y 36 del Código de Enjuiciamiento Civil, (2) la sección 2(h) de la Ley de 1902, y (3) los poderes inherentes del tribunal de distrito para ejecutar sus sentencias. Si bien los artículos citados están redactados en lenguaje amplio, no podemos convenir que a tenor con los mismos o con los poderes inherentes del tribunal de distrito, ésta puede pasar por alto los requisitos específicos del artículo 269 al ejercitar su autoridad para tomarle declaración a los deudores en las sentencias en cuanto a los bienes que éstos poseen. Así resolverlo equivaldría a atribuirle a la Legislatura un *brutum fulmen* al disponer en el artículo 269 que debe devolverse la orden de ejecución incumplimentada antes de que se pueda obtener una resolución para que el deudor comparezca a declarar bajo juramento.

■■ Los apelantes sostienen que no hay autoridad estatutaria que autorice la disposición en las órdenes al efecto de que la corporación y sus oficiales deban consignar los importes de las sentencias en el tribunal de distrito. La disposición en cuanto a los oficiales, como luego se indicará, fué incluída en la orden sin autoridad alguna. Pero en tanto en cuanto se aplicaba a la corporación, si bien no expresamente autorizada por ley, es inofensiva. En efecto legal meramente lo que hacía era manifestar nuevamente que las cantidades allí mencionadas se debían en las sentencias. Pero casi es innecesario decir que el no consignar estas cantidades no autoriza a la corte a castigar por desacato. Éste procedería solamente si las personas citadas no comparecieran o se negaran a contestar bajo juramento las preguntas héchasles en cuanto a sus bienes, según lo dispone el artículo 269. Véase el artículo 276 del Código de Enjuiciamiento Civil.

█ Los apelantes también se quejan de que la resolución impropiamente le exigió al Presidente y a la Tesorera de la corporación que contestaran las preguntas en relación con sus bienes privados. Convenimos que esta disposición de la orden no tenía justificación alguna. Los apelados alegan que bajo algunas circunstancias los oficiales de una corporación son responsables personalmente por las deudas de ésta. Pero hasta que esa supuesta responsabilidad se reduzca a una sentencia personal, los oficiales no pueden ser examinados bajo el artículo 269 en cuanto a sus bienes personales, cuando se trata de ejecutar una sentencia contra la corporación.(²)

█ Finalmente, las órdenes requerían a los oficiales de la corporación que comparecieran ante el Tribunal de Distrito de San Juan para prestar declaración, no obstante el hecho de que ellos residían en Ponce. Bajo el artículo 269 los oficiales de una corporación pueden ser interrogados en cuanto a los bienes de la corporación cuando ésta es deudora en una sentencia. *South Bend Toy Manuf'g. Co.* v. *Pierre Fire & M. Ins. Co.*, 56 N. W. 98, 100 (S. D., 1893); *Liberty Bank* v. *Superior Court*, 235 P. 995 (Calif., 1925). Pero dicho artículo requiere que se preste declaración ante la corte de distrito donde el ''deudor'' reside. Cuando se va a interrogar a oficiales de una corporación deudora en una sentencia, interpretamos que el artículo 269 quiere decir que el interrogatorio debe efectuarse en el distrito donde residen los oficiales. Por tanto los oficiales en este caso debieron ser interrogados en Ponce y no en San Juan. Sin embargo,

---

(²)Cf. artículo 272 del Código de Enjuiciamiento Civil provee como sigue:
''Después del libramiento o devolución diligenciada de una orden de ejecución contra los bienes del deudor declarado tal por la sentencia o de cualquiera de los deudores comprendidos en aquélla en virtud de prueba por declaración escrita y jurada, o en otra forma, a satisfacción del juez, de que alguna persona o corporación, tiene en su poder dinero o bienes pertenecientes a dicho deudor o que le adeuda una suma mayor de $50.00, cincuenta dollars, deberá el juez, por una orden, requerir a dicha persona o corporación, o a cualquier oficial o miembro de ella, para que comparezca, en el día y hora, que señale ante él, o ante un árbitro nombrado por dicho juez a contestar sobre el expresado extremo.''

si bien el examen se hará en Ponce, la orden para ello debe expedirse por el Tribunal de Distrito de San Juan, donde se dictaron las sentencias, ordenando que el interrogatorio se haga ante un árbitro o ante la Corte de Distrito de Ponce. *Corcoran* v. *Harris*, 270 P. 391 (Calif., 1928).(³)

*Las resoluciones del tribunal de distrito serán revocadas y se dictarán nuevas resoluciones declarando sin lugar en cada caso la "moción. para ejecución de sentencia" de abril 21 de 1949, sin perjuicio del derecho de los apelados a solicitar ante el Tribunal de Distrito de San Juan una orden de ejecución; y, de devolverse dicha orden incumplimentada, solicitar de dicho tribunal que se ordene a los oficiales de la corporación demandada que comparezcan a declarar bajo juramento ante un árbitro o ante la Corte de Distrito de Ponce en cuanto a los bienes de la corporación.*

---

(³) El caso de *Coleman* v. *Galvin*, 177 P. 2d 606 (Calif., 1947) resuelve que la orden para que se tome declaración a los deudores puede ser expedida por la corte de distrito donde reside la persona a ser interrogada. Pero dicho caso fué resuelto después de haber sido el estatuto de California expresamente enmendado para hacer esto factible. El artículo 269 no ha sido enmendado en esta forma.