ANTONIO HERNÁNDEZ RODRÍGUEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ÁNGEL M. UMPIERRE, JUEZ, demandado; CONCEPCIÓN RIVERA RODRÍGUEZ ET AL., interventores.

*Número:* 2823      *Resuelto:* 18 de enero de 1963

*F. Gallardo Díaz,* abogado del peticionario; *J. T. Peñagarícano, Jr.,* y *Ramón Lloveras Otero,* abogados de los interventores.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: Para cobrar la sentencia dictada en 1954 en un pleito de daños y perjuicios por el Tribunal Superior, Sala de San Juan, en la acción civil CS–61–1553, Concepción Rivera Rodríguez y sus hijos menores incoaron una demanda contra los deudores por sentencia Alberto Rivera Hernández y Antonio Hernández Rodríguez.([1])   Conjuntamente con la demanda la parte actora presentó una moción intitulada sobre "ejecución de sentencia" en la cual se expuso que la parte

---

([1]) Regla 51.1 de las de Procedimiento Civil de 1958; cfr. Arts. 239 y 243 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 1121 y 1125; *Padilla* v. *Vidal,* 71 D.P.R. 517 (1950); *Valiente* v. *Buxó,* 68 D.P.R. 132 (1948).

demandante interesaba se "haga efectiva la mencionada sentencia," en los bienes muebles de los demandados, y si éstos no fueren suficientes, en los inmuebles que les pertenecieran, a cuyos efectos se solicitó que se ordenara a la Secretaría la expedición de los mandamientos correspondientes dirigidos al Alguacil—"para que dicho funcionario *embargue* los bienes muebles" de la parte demandada-deudora—y al Registrador de la Propiedad donde aparecieran inscritos los bienes inmuebles. El tribunal de instancia proveyó inmediatamente en 17 de febrero de 1961, ordenando a la Secretaría la expedición de un mandamiento de "ejecución de sentencia" al Alguacil para que procediera a "diligenciar, *embargar y hacer efectiva* la sentencia" en la forma solicitada por la parte promovente.

El mandamiento dirigido al Alguacil le requería para que "haga que se satisfagan las sumas debidas de acuerdo con dicha sentencia." En cumplimiento del mismo dicho funcionario, en 21 de febrero de 1961, procedió a *embargar* como de la propiedad del demandado Antonio Hernández todo el equipo, mobiliario, mercadería, dinero en efectivo y otros efectos que se encontraban en un negocio sito en Bayamón conocido por "Jury Club," entregándolas al depositario designado en el mandamiento. También se incautó de la suma de $4,020.25 depositada en cuenta corriente a nombre del mencionado demandado en la sucursal de Bayamón del Chase Manhattan Bank expidiéndose al efecto un cheque a favor del alguacil.

Dos días después el demandado Hernández presentó una moción solicitando la nulidad de la orden de 21 de febrero, del mandamiento expedido a su tenor y del embargo practicado, aduciendo que no procedía la orden de ejecución librada en vista de que aún no se había dictado sentencia en el pleito. Sin la previa celebración de vista,(²) el juez de ins-

---

(²) Independientemente del resultado a que llegamos en el presente caso, parece conveniente advertir a los jueces de instancia que no cons-

tancia accedió a lo solicitado mediante orden dejando sin efecto todo lo actuado e instruyendo para que se anulara cualquier procedimiento de ejecución que se hubiese efectuado por el alguacil. Así se hizo, y en la misma fecha, se devolvieron al demandado los bienes embargados.

En 24 de febrero, la parte demandante presentó una moción de aseguramiento de sentencia. A los tres días siguientes solicitó se dejara sin efecto la resolución de 23 de febrero, y que en su consecuencia, se devolvieran los bienes al alguacil. Solicitó además que se citara al demandado para que declarara bajo juramento sobre los bienes que poseía y el lugar en que éstos se encontraban, todo ello bajo el amparo de las disposiciones de la Regla 51.4 de las de Procedimiento Civil.

Celebrada la vista correspondiente ante otro magistrado, se dictó una resolución a) dejando sin efecto la orden anulando el embargo; b) ordenando la restitución al depositario de los bienes embargados hasta ulterior disposición del tribunal; y, c) fijando fecha para que el demandado compareciera a declarar sobre sus bienes. Para revisar esta resolución expedimos auto de certiorari.

De los autos originales elevados por el Secretario del tribunal de instancia aparece que habiéndose expedido en 17 de marzo un mandamiento conforme a la orden sobre aseguramiento de sentencia dictada en 24 de febrero, se embargó, el mismo negocio, ahora con el nombre de Panel Club, que se había originalmente embargado. Con motivo de este embargo se ha suscitado una tercería por personas que alegadamente adquirieron los bienes del demandado Hernández.(3)   Siendo ello así, los pronunciamientos (a) y (b) de

tituye la mejor práctica dejar sin efecto una orden de la naturaleza de la aquí envuelta sin oir previamente a la parte a cuyo favor se dictó. Cfr. *E.L.A.* v. *Tribunal Superior,* 86 D.P.R. 692 (1962); *Martínez* v. *Tribunal Superior,* 83 D.P.R. 358 (1961).

(3) Impugnada la valoración de los bienes efectuada por el alguacil a los fines de la tercería, el tribunal fijó su valor en $10,000, y dispuso me-

la resolución objeto de revisión en este recurso se han tornado en académicos. Este hecho lo corrobora la afirmación de la parte demandante, aquí interventora, de que dicho demandado ocultó o dispuso de los bienes que le fueron entregados al disolverse el embargo original.[4]

Ahora bien, en cuanto al pronunciamiento ordenando la comparecencia del demandado para declarar sobre sus bienes, el tribunal de instancia erró, ya que ello es procedente como un incidente para la ejecución y todavía no ha recaído sentencia en el pleito dentro del cual la misma fue dictada.[5]   Cfr. Art. 269 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1211; *De Jesús* v. *Caribbean Trucking Co.*, 70 D.P.R. 555 (1949).

*Se anulará la resolución dictada por el Tribunal Superior, Sala de San Juan, en 6 de marzo de 1961, en cuanto respecta al pronunciamiento ordenando la citación del demandado Antonio Hernández Rodríguez para que comparezca a declarar sobre sus bienes.*

---

diante resolución de 11 de abril de 1961 que se prestara una fianza por dicha suma para poder autorizarse el levantamiento del embargo. La fianza a prestarse por el tercerista es por una suma igual al doble del valor de la propiedad reclamada. Art. 2 de la Ley de 14 de marzo de 1907, según enmendado por la Ley Núm. 31 de 27 de abril de 1937, 32 L.P.R.A. sec. 1172.

[4] El segundo párrafo del Art. 1249 del Código Civil, 31 L.P.R.A. sec. 3498, dispone que "También se presumen fraudulentas las enajenaciones a título oneroso, hechas por aquellas personas contra las cuales se hubiese pronunciado sentencia condenatoria en cualquier instancia *o expedido mandamiento de embargo de bienes.*" Véase además, sobre venta de lotes o a granel de la totalidad o cualquiera parte de una existencia de mercaderías, la Ley Núm. 60 de 27 de abril de 1931, 10 L.P.R.A. sec. 61.

[5] En su parte pertinente la Regla 51.4 de 1958 dispone que "El acreedor declarado tal por sentencia, o su cesionario, podrá, en auxilio de la sentencia o de su ejecución, interrogar a cualquier persona, incluyendo al deudor declarado tal en la sentencia, de acuerdo con lo dispuesto en estas reglas para la toma de deposiciones."